**CIA ANON VENEZOLANA DE NAVE-GACION, Appellant,**

v.

**Frank L. HARRIS**
and
**Pate Stevedoring Company, Inc., Appellees.**

No. 23424.

United States Court of Appeals
Fifth Circuit.

March 10, 1967.

Alex F. Lankford, III, C. Wayne Loudermilch, Mobile, Ala., Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., of counsel, for appellant.

Ross Diamond, Jr., Marshall J. DeMouy, W. Boyd Reeves, Mobile, Ala., Diamond & Lattof, Armbrecht, Jackson & DeMouy, Mobile, Ala., of counsel, for appellees.

Before GEWIN and AINSWORTH, Circuit Judges, and HUNTER, District Judge.

HUNTER, District Judge.

The controversy concerns the enforcement of an agreement of compromise and settlement. The District Judge held that the settlement was authorized and con-

clusively disposed of all issues which might have been litigated in the original action. An order was entered enforcing the agreement. We find no basis for setting aside that order and affirm.

The pertinent sequence of events is:

| | |
|---|---|
| March, 1964 | Harris, a longshoreman, filed a libel against appellant, Cia Anon Venezolana De Navegacion (hereinafter referred to as Anon). The suit was for damages allegedly caused by the negligence of Anon and the unseaworthiness of its vessel. Anon impleaded Pate Stevedoring Co., Inc. seeking indemnity. |
| November 17, 1965 | Attorneys representing Harris, Pate, and Anon entered into negotiations which culminated in an agreement to settle. This accord was reached on November 17, 1965. Under the terms of the agreement, Harris was to receive $16,000. Anon agreed to contribute $8,000; Pate agreed to contribute $8,000. |
| December 2, 1965 | The case was scheduled to be tried but was upset because of the settlement. |
| December 13, 1965 | Mr. Wood, Appellant's counsel, contacted Harris' attorney and advised that even though he had the express authority of his client to enter into the agreement, such authority had been withdrawn. |
| December 15, 1965 | Harris filed a motion to enforce the settlement agreement. |
| December 23, 1965 | Pate joined in the motion and Wood withdrew as counsel. |
| December 27, 1965 | Mr. Lankford entered his appearance as counsel for Appellant and moved to continue the hearing of the motion for enforcement. |
| December 30, 1965 | The Court heard evidence and received affidavits. At the conclusion of the hearing, the District Court granted the motion and entered judgment against Appellant and Pate in the amount of $8,000 each. |

Appellant argues that the motion, which had been captioned as a motion for summary judgment, should not have been granted because the pleadings reveal the existence of issues of material fact as to liability and indemnity. In the alternative it is argued that at least there was a genuine issue concerning Wood's authority to settle.

The record reveals that counsel negotiated and agreed on a compromise prior to the scheduled trial date, fully cognizant of the contested factual issues

raised by the pleadings. The actual merits of the case as presented by the pleadings were no longer of any consequence following the agreement. Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced.[1] In the case of J. Kahn and Co., Inc. v. Clark (5th Cir., 1949) 178 F. 2d 111, this Court stated:

"'Compromises of disputed claims are favored by the courts.' Williams v. First National Bank, 216 U.S. 582, 30 S.Ct. 441, 445, 54 L.Ed. 625; Gilliam v. Alford, 69 Tex. 267, 6 S.W. 757. Where the parties, acting in good faith, settle a controversy, the courts will enforce the compromise without regard to what the result might, or would have been, had the parties chosen to litigate rather than settle. Hennessy v. Bacon, 137 U.S. 78, 11 S.Ct. 17, 34 L.Ed. 605; Crisp County v. S. J. Groves & Sons Co., 5 Cir., 73 F.2d 327, 96 A.L.R. 391; Camoron v. Thurmond, 56 Tex. 22; Little v. Allen, 56 Tex. 133.

"This court, in Crisp County v. S. J. Groves & Sons Co., supra, held that *an agreement of the parties settling a disputed liability is as conclusive of their rights as a judgment would be if it had been* litigated instead of compromised * * *." (Emphasis added.) 178 F.2d at 114.

■■ There is no question here of the fairness of the settlement. There is no question of good faith. The District Court was eminently correct in holding that the factual issues presented by the pleadings became irrelevant upon effectuation of the agreement. The issue

quickly narrows to a simple inquiry: Did Wood have authority to bind his client? Appellant insists that there exists a genuine issue of fact on this issue. We do not agree. Wood entered into the agreement. He related the terms of the settlement. Counsel for Pate testified as to Wood's statements that he, Wood, had full authority to settle. He further asserted that Wood had revealed that authority to opposing counsel.[2]

In support of its contentions, Appellant relies upon the affidavit of Elpidio Generali, general manager for the general agents of Appellant. Generali states in his affidavit that Vincent Barron, the manager of the claims section for the company who was handling the matter with Wood, did not obtain the consent of the defendant's head office in Venezuela to settle and had no authority to enter into a final settlement without that consent. The implication is clear that Appellant's counsel was extended settlement authority by the claims section in New York. As we see it, Appellant does not seriously question Wood's authority but is contending by way of this hearsay affidavit that the claim agent should have obtained the authority from some unnamed person in Venezuela. In effect, the argument is that counsel had no right to rely on any authorization received from the claims representative of Appellant with whom he had handled the case for almost two years; and in turn, counsel for the other parties to the litigation could not rely on the representation of Appellant's counsel as to his authority. If such a position is meritorious, an attorney could never rely on the word of opposing counsel in determining

1. Hennessy v. Bacon (1890) 137 U.S. 78, 11 S.Ct. 17, 34 L.Ed. 605; Kelly v. Greer (3rd Cir., 1966) 365 F.2d 669; All States Investors, Inc. v. Bankers Bond Co. (6th Cir., 1965) 343 F.2d 618; Cummins Diesel Michigan, Inc. v. The Falcon (7th Cir., 1962) 305 F.2d 721; Florida Trailer & Equip. Co. v. Deal (5th Cir., 1960), 284 F.2d 567, 94 A.L.R.2d 638; Ingalls Iron Works Co. v. Ingalls (5th Cir., 1960), 280 F.2d 423; The Santa Madre v. Dagounakis (4th Cir., 1960) 277 F.2d 461.

2. Appellant was anxious that its former counsel not testify as to this authority. During the hearing on the motion to enforce the settlement, Wood was asked on direct examination: "Did you have written authority from your client to settle?" Counsel for Appellant objected to its former counsel answering this question on the basis that this was a privileged matter involving the attorney-client relationship. This objection was sustained.

authority. Especially would this be true in the case of a corporate defendant. Such a result would strike at the very basis upon which attorneys and litigants have compromised their differences for decades. Here, making the settlement for their client, we have the company's claim agent who had a complete familiarity with all the matters in controversy, and the able counsel engaged to handle the litigation. Surely, such a settlement should not be overturned because of certain alleged policies within Appellant's office which were unknown to its counsel or to its claims manager.

The motion granted by the court below was captioned a motion for summary judgment. We are constrained to view the proceedings as a hearing by the District Court in the exercise of its inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case. A hearing was held. All of the evidence supported the District Judge's conclusion that Wood possessed authority to bind his client. There was no acceptable evidence to the contrary.

Appellant has shown no reason, either in equity or law, why this valid and binding settlement agreement should not be enforced. The judgment should be affirmed. It is.