**Ernest W. KENT, Plaintiff-Appellant,**

**v.**

**James BAKER, III, Secretary of the Treasury, Internal Revenue Service, an agency of the United States Government, Defendants-Appellees.**

No. 86–5296
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 1, 1987.

---

Leon B. Kellner, U.S. Atty., Susan H. Aprill, Lynn Rosenthal, David O. Leiwant, Sonia Escobio O'Donnell, Asst. U.S. Atty., Miami, Fla., for defendants-appellees.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

This appeal raises two jurisdictional questions: (1) whether plaintiff timely filed an appeal, and (2) whether the district court erred by holding that it lacked jurisdiction to enforce a settlement agreement. We decide that the appeal was timely. Furthermore, we hold that a district court has jurisdiction to enforce a settlement when, as in the present case, a party claims a breach of the settlement agreement before the court has dismissed the action. Therefore, we vacate the district court's judgment dismissing the lawsuit.

Plaintiff-appellant Ernest Kent filed an age discrimination lawsuit against defendants-appellees James Baker, as Secretary of the Treasury, and the Internal Revenue Service. On July 19, 1985, the third day of trial, the parties announced that they had settled the case, that the terms of the settlement agreement were secret, and that the parties would subsequently request dismissal of the lawsuit. The court discontinued the trial, but did not then dismiss the action.

On August 2, 1985, defendants' counsel mailed to plaintiff's counsel a proposed stipulation of settlement. This proposed memorialization of their oral settlement agreement provided in essence that (a) Kent would be promoted to the position of GS–1169–13 group officer within nine months of execution of the stipulation, (b) Kent would receive seniority and pension benefits as if the promotion had occurred on June 15, 1983, (c) Kent would receive back pay equal to the salary differential between a GS–1169–12 revenue officer and a GS–1169–13 group officer from June 15, 1983 until the date Kent occupied the GS–1169–13 position, and (d) Kent and his counsel would keep the terms of the settlement agreement confidential. Apparently, neither party signed the August 2, 1985 draft stipulation.

On August 15, 1985, plaintiff's counsel mailed to defendants' counsel a revised stipulation, signed by plaintiff. This revised draft specified in greater detail the timing of payment of back pay. Accompanying this revised document, plaintiff's counsel sent a cover letter expressing concern about the confidentiality paragraph of the agreement.

Upon receiving these materials, defendants concluded that plaintiff had breached the confidentiality provision of the settlement. Defendants refused to sign the revised draft of the settlement, and notified plaintiff that, in light of plaintiff's alleged breach, they would not honor the settlement agreement.

Plaintiff then filed a motion requesting the district court to enforce or reform the settlement or, in the alternative, to resume trial. Defendants responded with a cross-motion asking the court to relieve them of their obligations under the settlement agreement or to complete trial.

By order dated January 3, 1986 and filed January 8, 1986, the district court dismissed plaintiff's lawsuit on the ground that the existence of the settlement agreement mooted the plaintiff's age discrimination action. On February 3, 1986, plaintiff filed a "motion for clarification" and an amended complaint.

On March 25, 1986, the district court entered an order dismissing plaintiff's lawsuit for lack of jurisdiction. This March 25 order was styled an "Order Denying Motion for Clarification." On April 24, 1986, plaintiff filed a notice of appeal from the March 25 order.

## I. Timeliness of Appeal

As a preliminary matter, we address defendants' contention that plaintiff's notice of appeal was not timely and that this court therefore lacks jurisdiction to hear this appeal. Defendants argue that the January 8 order dismissed the action, that an appeal must be filed within sixty days after final judgment in a case in which the United States is a party, and that the notice of appeal was filed more than sixty days after the January 8 order. Furthermore, defendants argue, this sixty day period was not tolled by the filing of a motion for clarification, because such a motion is not among the motions enumerated in Fed.R.App.P. 4(a)(4) that can toll the period. Even if the motion for clarification is construed as being a motion to alter or amend judgment or some other motion enumerated in Rule 4(a)(4), defendants argue, it would not toll the period because such motion was filed more than ten days after the January 8 order and thus was not timely.

Defendant's argument would be persuasive if the January 8 order was a final judgment that started the running of the sixty day period for appeal. The January 8 order, however, briefly set forth the court's legal analysis and cited to a published opinion. The court never entered a final judgment in a separate document.

Fed.R.Civ.P. 58 provides that "[e]very judgment shall be set forth in a separate document." A comment to this rule explains that this rule is designed to eliminate the confusion that previously arose regarding whether a particular order was a final judgment triggering the limitations period for appeal. According to this comment, "[Rule 58] eliminates these uncertainties by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides

the basis for entry of judgment". The Supreme Court held that appellate courts must "mechanically appl[y]" Rule 58 to protect a party from losing the right to appeal. *United States v. Indrelunas,* 411 U.S. 216, 221–22, 93 S.Ct. 1562, 1564–65, 36 L.Ed.2d 202 (1973); *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 385–89, 98 S.Ct. 1117, 1120–21, 55 L.Ed.2d 357 (1978).

■ We therefore rigidly apply Rule 58 to protect Kent's right of appeal. The January 8 order, with its legal analysis and citation to a published opinion, constitutes an opinion rather than a separate final judgment. It did not trigger the time period for an appeal.

Kent's notice of appeal was timely with respect to the March 25 order dismissing the action. This order explained in a terse manner that the court was dismissing the action for lack of jurisdiction because "the parties have settled their differences" and no "independent basis [exists] for further proceedings to enforce or set aside judgment." Again, the court failed to set forth its judgment in a separate document.

The Supreme Court held, however, that Rule 58 should be " 'interpreted to prevent loss of appeal, not to facilitate loss.' " *Bankers Trust,* 435 U.S. at 387, 98 S.Ct. at 1121 (quoting 9 J. Moore, Federal Prac., para. 110.08[2], p. 119–20). The *Bankers Trust* Court reasoned that:

> The need for certainty as to the timeliness of an appeal, however, should not prevent the parties from waiving the separate-judgment requirement where one has accidentally not been entered.... ■f the only obstacle to appellate review is the failure of the District Court to set forth its judgment on a separate document, "there would appear to be no point in obliging the appellant to undergo the formality of obtaining a formal judgment."

*Id.,* 435 U.S. at 387, 98 S.Ct. at 1121 (quoting 9 J. Moore, Federal Proc., para. 110.08[2], p. 120 n. 7).

■ In *Bankers Trust,* the Court held that the parties should be deemed to have waived the separate-judgment requirement

of Rule 58 because (1) the district court order clearly evidenced its intent that the order would represent the final decision in the case; (2) a judgment of dismissal was recorded in the clerk's docket; and (3) appellee never objected to the taking of the appeal in the absence of a separate document. Therefore, the Court concluded, the court of appeals properly assumed appellate jurisdiction. *Id.* The same three conditions pertain in the case sub judice with respect to the March 25 order. Interpreting Rule 58 so as not to facilitate loss of the right to appeal, we deem the parties to have waived the separate-judgment requirement of Rule 58 with respect to the March 25 order. We therefore exercise jurisdiction to consider Kent's appeal.

## II. Jurisdiction to Enforce Settlement

Kent argues, among other things, that the district court has jurisdiction to enforce the settlement agreement in this case, and that the court erred by dismissing his lawsuit for lack of jurisdiction. We agree.

After the parties announced that they had settled, but before the court dismissed the action, defendants refused to abide by the settlement agreement because plaintiff had allegedly breached it. In cross-motions to the court, all parties conceded the existence of the settlement agreement. The district court held that the existence of the settlement mooted Kent's age discrimination claim and that the court had no independent jurisdictional grounds to enforce or set aside the settlement.

■ A conflict of authority on this issue may exist in this circuit. On the one hand, the great weight of binding precedent in this and other circuits holds that a district court has jurisdiction to enforce a settlement agreement, at least when a party refuses to comply with the agreement before the case has been dismissed. *See, e.g.,* *Cia Anon Venezolana De Navigacion v. Harris,* 374 F.2d 33 (5th Cir.1967); [1] *Massachusetts Casualty Insurance Co. v. Forman,* 469 F.2d 259 (5th Cir.1972); *Kulka v.*

*National Distillers Products Co.,* 483 F.2d 619 (6th Cir.1973); *Cummings Diesel Michigan, Inc. v. The Falcon,* 305 F.2d 721 (7th Cir.1962); *Mid-South Towing Co. v. Har-Win, Inc.,* 733 F.2d 386 (5th Cir.1984); *Fulgence v. J. Ray McDermott & Co.,* 662 F.2d 1207 (5th Cir.1981).

In *Cia Anon,* a decision of the former Fifth Circuit that is binding precedent in this circuit, the court affirmed enforcement of a settlement agreement. The former Fifth Circuit held that a district court has "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Id.,* 374 F.2d at 36. The court reasoned that:

> Compromises of disputed claims are favored by the courts.... Where the parties, acting in good faith, settle a controversy, the courts will enforce the compromise without regard to what the result might have been, or would have been, had the parties chosen to litigate rather than settle.... *An agreement of the parties settling a disputed liability is as conclusive of their rights as a judgment would be if it had been litigated* ....

*Id.,* 374 F.2d at 35 (emphasis in original) (quoting *J. Kahn & Co. v. Clark,* 178 F.2d 111, 114 (5th Cir.1949)).

The *Cia Anon* decision is on point. In that case, as in this, the parties settled a case; but before the action had been dismissed, one party refused to abide by the settlement agreement and the other moved to enforce it.

On the other hand, a recent decision by the Eleventh Circuit, *Londono v. City of Gainesville,* 768 F.2d 1223 (11th Cir.1985), may represent contrary authority. The district court in the case sub judice relied on *Londono.*

In *Londono,* the parties allegedly settled a section 1983 lawsuit. Unaware of the alleged settlement, the district court entered an order granting summary judgment to the defendant. Before the district

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

court entered a final judgment, however, plaintiff's attorney notified the district court of the alleged settlement. Defendant's attorney denied that the parties had settled. The district court withdrew its summary judgment order, held an evidentiary hearing regarding the settlement, and then issued an order enforcing the settlement. *Londono,* 768 F.2d at 1225–26.

The Eleventh Circuit vacated on the grounds that the district court did not explicitly consider whether defendant had unconditionally accepted the settlement offer, and, if so, whether the offer and acceptance constituted an enforceable contract. The Eleventh Circuit remanded for an evidentiary hearing on these questions. In the course of this decision, the court observed that:

> When [plaintiff's] attorney advised the court that ... the parties had settled, he stated in effect that their controversy had been mooted. If counsel's statement to the court was true, ... the court should have dismissed the case ... for want of a case or controversy.... Had [the parties] reached a settlement enforceable under Florida law, there could be no section 1983 controversy; had they

not reached such a settlement, the controversy remained live. Absent an independent jurisdictional base, the court had no authority *sua sponte* to transform Londono's section 1983 claim into a suit seeking declaration of a contract of settlement and the specific performance thereof.

*Londono,* 768 F.2d at 1226–27 (citations omitted).

The above language from *Londono* is probably dictum, because the court noted the uncertain status of the facts before it and explicitly reserved decision with respect to the validity of the district court's injunction enforcing the settlement decree. *See id.,* 768 F.2d at 1226 n. 1, 1228–29. Moreover, *Londono* may be distinguishable because the district court sua sponte suggested enforcement of the settlement agreement, whereas in the present case plaintiff initially moved to enforce the settlement.

Whether the quoted language from *Londono* represents a holding is unclear. If this language from *Londono* is a holding, then we decline to follow it.[2] Instead, we follow the earlier, (and we think) better reasoned weight of authority [3] which holds

---

**2.** In *Londono,* as in *Cia Anon,* one party refused to abide by a settlement agreement prior to dismissal of an action. The *Londono* panel did not, however, discuss the prior *Cia Anon* decision. Instead it suggested a rule contrary to *Cia Anon*—when parties settle, the district court must dismiss the lawsuit as moot rather than enforce the settlement agreement. To support its approach, the *Londono* panel relied on factually inapposite cases: *In re S.L.E., Inc.,* 674 F.2d 359 (5th Cir.1982) (appellant settled with and released all opposing parties in bankruptcy case, thereby mooting its appeal regarding a particular order by the bankruptcy judge); *ITT Rayonier, Inc. v. United States,* 651 F.2d 343 (5th Cir. Unit B 1981) (U.S. Environmental Protection Agency settled lawsuit with alleged polluter and removed alleged polluter from list of EPA violators, thereby mooting the alleged polluter's cross-suit challenging EPA's power to place it on violators list); *North Carolina v. Rice,* 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (habeas corpus action challenging length of incarceration mooted when petitioner has already served sentence, unless increased length of sentence already served will cause petition disadvantage under state law); *Fairfax Countywide Citizens v. Fairfax County,* 571 F.2d 1299 (4th Cir.) (party asks district court to reopen nondiversity suit

three years after it was dismissed to enforce a settlement agreement), *cert. denied,* 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978).

**3.** Assuming arguendo that the quoted language from *Londono* is neither dictum nor distinguishable, we are confronted by conflict between *Londono* and the *Cia Anon* line of cases. This court has announced at least two—apparently inconsistent—rules regarding how to deal with conflicting precedents. Under the first rule, this court must follow the earlier of two conflicting precedents. *See Robinson v. Tanner,* 798 F.2d 1378, 1383 (11th Cir.1986). Under the second rule, this court should look first to Supreme Court precedent, then to the weight of authority within the circuit, and then to "common sense and reason" when determining which of two conflicting precedents to follow. *Dorse v. Armstrong World Industries, Inc.,* 798 F.2d 1372, 1378 (11th Cir.1986).

There is, apparently, no Supreme Court case law regarding jurisdiction to enforce a settlement agreement when a party refuses to abide by the agreement prior to dismissal of a pending action. The *Cia Anon* line of cases is the earlier of the conflicting precedents, represents the weight of authority in this circuit, and, in our view, is better reasoned. Thus, under both

that a district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action.[4] The district court's reliance on *Londono,* though understandable, was error.

Accordingly, the district court has jurisdiction to enforce the settlement agreement in this case and should do so if enforcement is otherwise justified. We remand to the district court for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.

---

of the conflict-resolution rules, this panel should follow the *Cia Anon* line of cases.

**4.** This case does not involve, and we do not address, the question of whether and when a district court may reopen a case after it has been dismissed to enforce a settlement agreement. *Cf. Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc.,* 803 F.2d 1130 (11th Cir.1986) (imposing costs on appellant for filing frivolous appeal from order enforcing settlement agreement, when, two and a half years after lawsuit was dismissed, the district court reinstated action and enforced settlement agreement).