**LE BON PAIN, INC., a Florida corporation, Sebastian Sardo, and Raphael Sardo, Plaintiffs,**

v.

**GUYON AND CO., INC., Defendant.**

**No. 89–0616–CIV.**

United States District Court,
S.D. Florida.

Sept. 25, 1989.

Lionel Barnet, P.A., Miami, Fla., for plaintiffs.

Carol A. Fenello, Miami, Fla., for defendant.

## MEMORANDUM ORDER

NESBITT, District Judge.

This cause comes before the Court upon Defendant's Motion To Enforce Settlement. The motion was referred to United States Magistrate Peter R. Palermo, who filed a report and recommendation on July 26, 1989. Upon the Court's review of the record, the Magistrate's report, and the parties' objections and responses to the report, it is hereby

ORDERED and ADJUDGED that the Magistrate's report is ACCEPTED and ADOPTED. The Court agrees that, be-

cause enforcement of the agreement is justified, Defendant's Motion to Enforce Settlement is GRANTED. However, the Court wishes to clarify the Magistrate's analysis of the issue of subject matter jurisdiction.

The Magistrate states in his report and recommendation that "in this Circuit a district court has jurisdiction to enforce settlement agreements, on motion by counsel especially when the non-moving party refuses to comply with the agreement before the case has been dismissed." Mag. Report and Recommendation at 5, *Le Bon Pain, Inc. v. Guyon and Co., Inc.*, No. 89–0616 (July 26, 1989).

The Magistrate notes the existence of an intracircuit conflict [1] over the issue of whether a district court retains jurisdiction to enforce settlement agreements before a case has been dismissed.[2] *Compare Cia Anon Venezolana De Navigacion v. Harris*, 374 F.2d 33 (5th Cir.1967) (holding that a district court has the "inherent power to summarily enforce settlement agreements ... in a pending case") *with Londono v. City of Gainesville*, 768 F.2d 1223 (11th Cir.1985) (arguing that a valid settlement agreement renders moot the parties' underlying suit and therefore eliminates the court's authority to enforce the agreement).

In *Kent v. Baker*, 815 F.2d 1395 (11th Cir.1987) (per curiam), the court recognized the conflict and, deciding to follow the *Cia Anon* line of cases, concluded that a district court has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement prior to dismissal. *Id.* at 1400. The court emphasized that the weight of authority supports the

1. Specifically, the Magistrate states that the conflict was "resolved" by the case of *Kent v. Baker*, 815 F.2d 1395 (11th Cir.1987) (per curiam). *See* Mag. Report and Recommendation at 5, *Le Bon Pain, Inc. v. Guyon and Co., Inc.*, No. 89–0616 (S.D.Fla. July 26, 1989). Though the *Kent* panel noted the conflict and took a position on the issue, it is inaccurate to state that this action "resolved" the conflict.

2. This case does not address the question of whether a district court retains jurisdiction to enforce a settlement agreement *after* the under-

lying cause of action has been dismissed. The Eleventh Circuit has expressly declined to decide this issue. *See Kent v. Baker*, 815 F.2d 1395, 1400 n. 4 (11th Cir.1987) (per curiam). For a discussion of a district court's jurisdiction after dismissal either by court order or by stipulation of the parties, see *McCall–Bey v. Franzen*, 777 F.2d 1178 (7th Cir.1985); *General Vending Services, Inc. v. Paramount Vending, Inc.*, No. 83–1406 (S.D.Fla. Sept. 18, 1989) (order denying motion to enforce settlement because of lack of subject matter jurisdiction).

proposition that a district court retains jurisdiction. *Id.* at 1399 n. 3.

As important as the weight of authority, however, is the rationale behind retaining jurisdiction. Unfairness could result if a court were deprived of jurisdiction in a pending case. A party seeking to avoid adjudication in federal court could unilaterally deprive the court of jurisdiction by feigning agreement to a settlement. If that party later refuses to sign a stipulation of settlement and does not fulfill its obligations under the agreement, the other party's only recourse would be to take the time-consuming step of bringing a separate enforcement action.[3] Faced with this unsavory prospect, parties may hesitate before engaging in serious settlement discussions.[4]

■ When circuit authority is in conflict, a district court ordinarily follows the weight of authority within the circuit. *Georgia Ass'n of Retarded Persons v. McDaniel*, 855 F.2d 794, 797 (11th Cir. 1988), *cert. denied*, — U.S. —, 109 S.Ct. 2431, 104 L.Ed.2d 988 (1989). Absent any clear weight of authority, the Court must "resort to common sense and reason" to determine the appropriate rule of law. *Id.* (quoting *United States v. Hobson*, 672 F.2d 825, 825 (11th Cir.), *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982)).

Here, reliance on the weight of authority and common sense and reason both lead to the same conclusion. Because both the manipulation of a district court's jurisdiction and the potential for a chilling effect on settlements should be dissuaded, this Court follows the *Kent* line of cases. Thus, the Court finds that it does have subject matter jurisdiction to enforce the settlement agreement reached by the Plaintiff and Defendant in this case.

Accordingly, Defendant's Motion to Enforce Settlement is GRANTED.

DONE and ORDERED.

---

**3.** If the requirements for diversity jurisdiction are not met, the separate action to enforce the agreement would have to be filed in state court.

**4.** This potential unfairness is absent in cases where all parties have signed and filed a joint stipulation of settlement pursuant to Fed.R. Civ.P. 41(a)(1)(ii). By filing this document, the parties have agreed not only to settle their dis-

pute, but also to *dismiss* voluntarily the action pending in federal court. Having agreed to dismiss the case, the party seeking enforcement of the settlement cannot complain about having to bring a separate contract action if the district court finds that the dismissal deprives it of subject matter jurisdiction.