**1254**

**Hugh G. FORD, Plaintiff,**

v.

**CRONIC CHEVROLET PONTIAC NISSAN, INC., et al., Defendants.**

**Civ. A. No. 1:88–CV–2935–MHS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 4, 1989.

———

Ralph S. Goldberg, Office of Ralph S. Goldberg, Atlanta, Ga., for Hugh G. Ford.

Crisp Bradley Flynt, Smalley Cogburn & Flynt, Griffin, Ga., for Cronic Chevrolet Pontiac Nissan, Inc.

Ben W. Studdard, III, Smith & Welch, McDonough, Ga., for David Hogg.

### ORDER

SHOOB, District Judge.

■ Presently before the Court is plaintiff's unopposed motion to enforce settlement. The Court dismissed this action "without prejudice to the right, upon good cause shown within sixty days, to reopen" if settlement was not consummated. *See* Order dated August 30, 1989. The Court did not retain jurisdiction over the matter to enforce settlement, however, and the alleged agreement between the parties was never made part of any Court order. Under such circumstances, the Court concludes that it cannot enforce the settlement agreement.

There is no question that the Court has jurisdiction to enforce a settlement agreement incorporated in an order of the Court. "In order to ensure that settlement agreements are an effective form of dispute resolution, district courts who enter judgment pursuant to such an agreement necessarily have the power to mandate compliance with it." *United States v. Baus*, 834 F.2d 1114, 1127 (1st Cir.1987) (citation omitted). The Court likewise retains jurisdiction where one party refuses to comply with the agreement before the case has been dismissed. "[A] district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action." *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir.1987). In a footnote immediately following this statement, however, the *Kent* court makes clear that its holding does not address "the question of whether and when a district court may reopen a case after it has been dismissed to enforce a settlement agreement." *Id.* at 1400, n. 4.

The issue of whether federal courts, after dismissal of an action, can enforce settlement agreements that have not been incorporated into court orders has produced a split among the circuits. The Sixth Circuit has held that a district court can enforce a settlement agreement if the district court vacates its prior dismissal and restores the case to its docket. *See Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, *cert. denied*, 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976). The Fourth and Seventh Circuits have held, however, that a district court cannot enforce a settlement agreement un-

less the agreement provides an independent basis for federal jurisdiction. *See Fairfax Countywide Citizens v. Fairfax County,* 571 F.2d 1299 (4th Cir.), *cert. denied,* 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978); *McCall–Bey v. Franzen,* 777 F.2d 1178 (7th Cir.1985).[1]

Notwithstanding its desire to facilitate settlement, the Court concludes that a motion to enforce settlement is not appropriate after dismissal of an action unless the dismissal order adopts the settlement agreement or retains jurisdiction to enforce the settlement agreement. A practical problem with such motions is that they would require the Court to determine the validity of the settlement agreement in what should be treated as a separate action for breach of contract. A more important jurisdictional problem arises if the settlement agreement does not confer federal jurisdiction. "Some breach of contract actions are within federal jurisdiction, but a contract dispute between citizens of the same state that arises under state rather than federal law is not, even though the contract was made in settlement of a federal-question suit." *McCall–Bey,* 777 F.2d at 1186. If the Court enforced the settlement in this case, it would encounter the jurisdictional problem identified by *McCall–Bey:* a dispute that involves citizens of the same state and arises under state law, although based on a contract made in settlement of a federal-question suit.

■ The Court's disposition of this motion does not leave plaintiff without a remedy. The Court would entertain a motion under Rule 60(b) of the Federal Rules of Civil Procedure to reopen and adjudicate the original suit based on failure to consummate settlement. In the alternative, plaintiff could file a separate suit for breach of the alleged settlement agreement. But the Court does not believe it can or should reopen this suit to enforce that settlement agreement.

For the foregoing reasons, the Court DENIES plaintiff's motion to enforce settlement.

IT IS SO ORDERED.

---

**1.** The only relevant Eleventh Circuit case, *Solaroll Shade & Shutter v. Bio-Energy Systems,* 803 F.2d 1130 (11th Cir.1986), is inapposite because the dismissal order retained jurisdiction to enforce the settlement agreement.