**AMERICAN APPRAISAL ASSOCIATES, INC.,**
Plaintiff,

v.

**AMERICAN APPRAISALS, INC., Defendant.**

**Case No. 07–21031–CIV.**

United States District Court,
S.D. Florida.

Jan. 18, 2008.

Matthew Scott Nelles, Mark D. Kushner, Ruden McClosky Smith Schuster & Russell, Fort Lauderdale, FL, for Plaintiff.

Gustavo Sardina, Rothstein Rosenfeldt Adler, Fort Lauderdale, FL, for Defendant.

## OMNIBUS ORDER

EDWIN G. TORRES, United States Magistrate Judge.

This matter came before the Court on January 10, 2008, for a hearing on Plaintiff American Appraisal Associates, Inc.'s Motion to Schedule Rule 16(a) Pretrial Conference and to Enforce Written Settlement Agreement [**D.E.** 38] and Defendant

American Appraisals, Inc.'s Motion for Sanctions for Plaintiff's Failure to Comply with Court Order [**D.E. 53**].[1] The Court has considered the motions and related pleadings, the arguments of counsel, and the court file, and is fully advised in the premises. At the conclusion of the January 10th hearing, the Court granted Plaintiff's motion for a pretrial conference and to enforce the written settlement agreement, but denied Defendant's motion for sanctions. This written Order summarizes the oral rulings made at that hearing.

### I. Plaintiff's Motion to Enforce Written Settlement Agreement

Plaintiff is seeking enforcement of a written agreement that purports to settle this case. The agreement was signed by Defendant on October 19, 2007, *see* Plf's Mot., Ex. G at 7, and forwarded by defense counsel to Plaintiff's counsel on October 22, 2007 at 10:11 a.m. as an attachment to an email that read: "The Joint Stipulation for Dismissal and Order look fine. Attached is the Settlement Agreement signed by my client. Please have your client sign and return." *Id.*, Ex. B. Approximately one hour later, having received notice that the district court had dismissed this case without prejudice because the parties had not met the Court's deadline for filed a proposed mediation order [D.E. 32], defense counsel emailed Plaintiff's counsel at 11:06 a.m. stating: "Because the action has been dismissed by the Court (D.E. 32) through no affirmative steps of your own, and because your client has not yet signed and returned the proposed settlement to us, we withdraw our offer to settle as set out in the proposed Settlement Agreement." *See* Plf's Mot., Ex. D. Less than half an hour later, at 11:28 a.m., Plaintiff's counsel forwarded to defense counsel a copy of the agreement which Plaintiff had signed. *Id.*, Ex. F. Judge Lenard later granted Plaintiff's motion to reopen the case, on November 15, 2007. [D.E. 34].

Defendant argues that the parties never entered into a binding settlement agreement and, therefore, there is no agreement to be enforced. Defendant claims it agreed to the settlement terms suggested by Plaintiff only if Plaintiff would move to dismiss the action with prejudice. Defendant asserts that upon the Court's *sua sponte* dismissal of the action, Plaintiff's ability to fulfill this duty was rendered a nullity. Defendant claims there was no "meeting of the minds" because Defendant withdrew its assent to the agreement prior to the time Plaintiff signed the agreement. Defendant also claims there was inadequate consideration because Plaintiff was unable to dismiss the action with prejudice by virtue of the Court's *sua sponte* dismissal without prejudice. The other argument Defendant advances in opposition to Plaintiff's motion to enforce is that even if the parties did enter into an enforceable settlement agreement, this Court lacks subject matter jurisdiction to enforce it because the agreement specifies that enforcement of the agreement must take place in the Wisconsin courts. *See* Plf's Mot., Ex. G at 5, ¶ 15.[2]

### A. Subject Matter Jurisdiction

 Turning first to the issue of subject matter jurisdiction, the Court disagrees

---

1. The Honorable Joan A. Lenard referred these matters to the undersigned Magistrate Judge. [D.E. 44, 54].

2. This paragraph reads in its entirety: "This Agreement shall be interpreted, enforced, and governed by and under the laws of the State of Wisconsin, and the Parties expressly consent to the exclusive jurisdiction of courts located in Milwaukee, Wisconsin for purposes of enforcing any and all provisions of this Agreement."

with Defendant that it lacks subject matter jurisdiction over this litigation. Defendant relies in large part on *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), a case that is inapposite. *Kokkonen* concerned a dismissal with prejudice pursuant to Fed. R.Civ.P. 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all the parties who have appeared in the action." *Id.* at 378, 114 S.Ct. 1673. Under this rule, the dismissal is with prejudice if the stipulation so specifies, which it did in *Kokkonen*. *Id.* The Supreme Court noted that neither the rule nor any provision of law provided for continuing jurisdiction of the court over disputes arising out of the agreement that produced the stipulation. *Id.* "Absent [the court's including the settlement agreement in its dismissal order or retaining jurisdiction over the settlement agreement], enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 381–82, 114 S.Ct. 1673.

By contrast, the dismissal that occurred in *this* case was pursuant to Fed. R.Civ.P. 41(b) following the parties' failure to comply with an order of court; namely, to file a proposed order on mediation. The dismissal was expressly *without prejudice*. Unlike in *Kokkonen*, the Court here did not relinquish jurisdiction following the dismissal and indeed, reopened the case a few weeks after dismissing it, notably without opposition from Defendant.

It is well-established that a "district court has jurisdiction to enforce settlement agreements when one party refuses to abide by agreement prior to dismissal." *Le Bon Pain, Inc. v. Guyon and Co., Inc.*, 720 F.Supp. 983, 984–85 (S.D.Fla.1989); *see also Reed v. United States*, 717 F.Supp. 1511, 1514 (S.D.Fla. 1988) (district court retains inherent authority to "summarily enforce a settlement agreement entered into by litigants while litigation is pending before it."). As the court in *Le Bon Pain* explained:

> Unfairness could result if a court were deprived of jurisdiction in a pending case. A party seeking to avoid adjudication in federal court could unilaterally deprive the court of jurisdiction by feigning agreement to a settlement. If that party later refuses to sign a stipulation of settlement and does not fulfill its obligations under the agreement, the other party's only recourse would be to take the time-consuming step of bringing a separate enforcement action. Faced with this unsavory prospect, parties may hesitate before engaging in serious settlement discussions.

*Id.* at 985. In this case, as discussed below, Defendant agreed to the terms of the settlement and signed/ratified the settlement agreement by sending Plaintiff an executed copy, but now is seeking to deprive the Court of the opportunity to determine whether the agreement is valid. Defendant's jurisdiction argument is without merit.[3]

### B. Settlement Agreement

Based on the facts presented, and there being no factual dispute beyond what is in the record, the Court found that

---

**3.** Admittedly, during the time that the case had been dismissed, Defendant's position was technically justified. Upon the reopening of the case, however, without objection from Defendant, the parties were back in the position they were immediately before the sua sponte dismissal and the Court reassumed subject matter jurisdiction at that time.

there was an enforceable settlement agreement between the parties. The settlement agreement became legally binding after Defendant signed it and sent it to Plaintiff via e-mail. Under the "deposit acceptance rule," acceptance of an agreement becomes effective as of the time it is deposited in the mail. *Kendel v. Pontious,* 244 So.2d 543, 544 (Fla. 3d DCA 1971). "An acceptance of a contract may be transmitted by any means which the offeror has authorized the offeree to use and, if so transmitted, is operative and completes the contract as soon as put out of the offeree's possession, without regard to whether it ever reaches the offeror, unless the offer otherwise provides." *Kendel v. Pontious,* 261 So.2d 167, 169 (Fla.1972), *citing Restatement of Contracts,* § 64. If an offer is accepted without conditions, and without varying its terms, and the acceptance is communicated to the other party without unreasonable delay, a contract arises, from which neither party can withdraw at its pleasure. *Id.* The Court agrees with Plaintiff that Defendant's attempt to revoke its acceptance of the settlement agreement after emailing Plaintiff the signed version was ineffective.[4]

■■■■ Moreover, Plaintiff was not required to sign the settlement agreement for it to be enforceable.

An enforceable settlement agreement may, however, be reached orally. All that is required is that the terms be clear, definite and capable of proof. In addition, the physical act of signing a document is a mere formality where the parties clearly intend to be bound.

*Reed,* 717 F.Supp. at 1516–17 (internal citations omitted). Clearly the terms of the agreement were clear, definite, and capable of proof, and acceptable to Defendant, because Defendant signed the written version that memorialized the oral agreement. Defendant could not unilaterally revoke the enforceable agreement simply because Plaintiff may not have signed it at the time the district court dismissed the action.

Once the Court has determined the settlement agreement is binding and enforceable, as it has done, Plaintiff will be able to file a Stipulation for Dismissal, one of the terms of the agreement that Defendant complains that Plaintiff cannot fulfill. *See* Plf's Mot., Ex. G at 5, ¶ 11.[5]

■■■ The issue of the interpretation and enforcement of the settlement agreement is a matter for the courts in Wisconsin. The parties agreed to have courts in that state enforce disputes relative to the agreement; they did not agree to have this Court retain jurisdiction once this litigation was concluded.

---

4. The fact that the document was emailed does not render its delivery ineffective. Paragraph 16 of the settlement agreement provided the mechanism by which the parties were to exchange executed versions of the agreement. *See* Plf's Mot., Ex. G at 15–16, ¶ 16. This provision did not specify that delivery by email was ineffective, only that delivery by facsimile was equally effective as delivery of the original document. If delivery by facsimile is valid, then logically, delivery of a non-original by some other electronic method would also be valid. Moreover, Defendant availed itself of an electronic method other than fax when its counsel emailed the settle-

ment agreement that had been signed by his client to Plaintiff's counsel. Defendant's intent, therefore, was that email service of the agreement was acceptable; to claim otherwise is disingenuous.

5. Paragraph 11 provides: "Upon execution by all Parties of both this Agreement and a Stipulation for Dismissal (with prejudice and without costs to either side), [Plaintiff] shall promptly file the fully-executed Stipulation along with a Proposed Order for Dismissal with the Court dismissing the action."

## II. Defendant's Motion for Sanctions

 Defendant moved for sanctions based on Plaintiff's failure to appear in person at the court-ordered mediation held on December 28, 2007, in violation of Judge Lenard's September 28, 2007 Order of Referral to Mediation [D.E. 21]. There is no dispute that Judge Lenard's Order required Plaintiff to appear at the mediation in person, *id.*, ¶ 4, but that instead Plaintiff attended telephonically. Plaintiff's counsel explained why his client did so, but notwithstanding this explanation, a technical violation of the Order occurred. Nevertheless, in light of the Court's determination *supra* that this case was settled prior to the date of mediation and should now be dismissed with prejudice, thereby obviating any need to mediate, Defendant's motion for sanctions based on a violation of the mediation order is moot.

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** that

1. Plaintiff American Appraisal Associates, Inc.'s Motion to Schedule Rule 16(a) Pretrial Conference and to Enforce Written Settlement Agreement [**D.E. 38**] is **GRANTED** as follows:

a. Plaintiff's motion to schedule a pretrial conference is **GRANTED** *nunc pro tunc.*

b. Plaintiff's motion to enforce the written Settlement Agreement is **GRANTED.**

c. In accordance with the terms of the parties' written Settlement Agreement, the parties shall file a stipulated motion for dismissal with prejudice within ten (10) days of today's date.

2. Defendant American Appraisals, Inc.'s Motion for Sanctions for Plaintiff's Failure to Comply with Court Order [**D.E.** 53] is **DENIED** as moot based on the parties' settlement of the case.