[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11270
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-20107-DPG

VICTOR M. GONZALEZ-GUZMAN,

Plaintiff-Appellant,

versus

METROPOLITAN LIFE INSURANCE COMPANY,
d.b.a. Met Life Corporations A, B and C,
JANE DOE,
JOHN DOE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 19, 2019)

Before WILSON, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Victor Gonzalez-Guzman, proceeding *pro se* on appeal, appeals the district court's order dismissing his amended complaint stating claims for Florida breach of contract, fraudulent misrepresentation, and fraud in the inducement, as barred by the statute of limitations.  He contends the district court erred in dismissing his claims as barred by the statute of limitations because the tolling provision in 28 U.S.C. § 1367(d) required the statute of limitations for his state law claims be tolled while his first federal lawsuit was pending in the District of Puerto Rico and the Southern District of Florida.[1]  After review,[2] we affirm the district court.

Gonzalez-Guzman has abandoned any challenge to the district court's dispositive rulings in this case.  First, he fails to discuss the district court's dismissal of his first two claims relating to MetLife's alleged breach of the insurance policy on December 21, 2010, because he does not argue on appeal the

---

[1] In its Answer Brief, MetLife argues that Gonzalez-Guzman's notice of appeal was untimely because he filed it more than 30 days after the district court's dismissal order and its order denying his motion for reconsideration, and his post-judgment motions did not toll the time to appeal.  We construe this as a motion to dismiss and deny MetLife's motion to dismiss the appeal as untimely.  As the district court never entered a separate judgment after its October 30, 2017, dismissal order, the order was deemed entered for purposes of appeal 150 days later on March 29, 2018.  *See* Fed. R. Civ. P. 58(a); Fed. R. App. P. 4(a)(7)(A)(ii); *Kent v. Baker*, 815 F.2d 1395, 1397 (11th Cir. 1987). Thus, Gonzalez-Guzman's March 26, 2018, notice of appeal was timely filed as to the October 30, 2017 order dismissing his amended complaint, which he designated in his notice of appeal.  However, as to the January 24, 2018 and March 30, 2018 orders we deny the motion to dismiss as moot because Gonzalez-Guzman does not challenge either of those orders on appeal, even in passing.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681, 683 (11th Cir. 2014).

[2] We review both the dismissal of a complaint for failure to state a claim for relief and the district court's application of a statute of limitations *de novo.  Berman v. Blount Parrish & Co., Inc.*, 525 F.3d 1057, 1058 (11th Cir. 2008).

district court erred in dismissing those claims as time-barred. *See Timson v. Sampson*, 518 F.3d 870, 874 (stating although this Court reads briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned). Thus, we need not review the district court's dismissal of Gonzalez-Guzman's first two claims against MetLife.

Second, although Gonzalez-Guzman devotes his entire brief to his argument that § 1367(d) tolled the statute of limitations for his remaining state law fraud claims concerning the mediation and settlement agreement, he fails to challenge the district court's dispositive determination that those claims accrued on May 23, 2012, when he signed the settlement agreement, and not six months later when MetLife failed to pay him benefits under the policy. This error is fatal to his appeal because, in order to prevail in his appeal, Gonzalez-Guzman would have had to show both that (1) the district court erred in determining the statute of limitations on his claims began on May 23, 2012, rather than six months later on November 23, 2012, and that (2) his initial lawsuit filed in Puerto Rico should have tolled the statute of limitations. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (stating to reverse a district court order that is based on multiple, independent grounds, a party must convince us "that every stated ground for the judgment against him is incorrect," and "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based

3

its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed").

Specifically, assuming the district court correctly determined Gonzalez-Guzman's fraud claims accrued on the date he signed the settlement agreement, May 23, 2012, then the statute of limitations would have already run exactly four years by the time he filed his first federal suit on May 23, 2016.  *See* Fla. Stat. § 95.11(3)(j) (providing "[a] legal or equitable action founded on fraud" must be brought within four years); Fla. Stat. § 95.031(2)(a) (providing a fraud claim accrues at "the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence").  Even if § 1376(d) tolled the statute of limitations during the pendency of that first lawsuit—from May 23, 2016, to November 9, 2016—his window for filing would have expired 30 days later on December 9, 2016.  28 U.S.C. § 1367(d) (tolling the statute of limitations for 30 days after the district court's dismissal).  Thus, Gonzalez-Guzman's instant suit filed on January 9, 2017, would be time-barred regardless of any tolling.  Fla. Stat. § 95.11(3)(j), (l).

Gonzalez-Guzman addresses only the district court's determination that § 1367(d) did not toll his state law claims during his prior federal lawsuit and abandons any argument the district court incorrectly determined the four-year statute of limitations began running on May 23, 2012.  *See Timson*, 518 F.3d at

4

874.  Therefore, Gonzalez-Guzman's failure to challenge both grounds for the district court's ruling—that his fraud claims accrued on May 23, 2012, *and* that § 1376(d) did not toll the statute of limitations on his state claims—renders his fraud claims untimely regardless of his tolling arguments, and we affirm the district court.

**AFFIRMED.**