[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10923

_____

STACY ANTONIO SCOTT, JR.,

Plaintiff-Appellant,

*versus*

CORIZON HEALTH, INC.,
CENDORION,
WARDEN, et al.,

Defendants,

DONALD L. PERRY,
Correctional Officer Sergeant,
JEREMIAH BRASWELL,
Correctional Officer,

ASBELTI LLORENS,
Primary Physician,
DEBRA PHILLIPS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:18-cv-00010-GRJ

_____

Before JORDAN and ROSENBAUM, Circuit Judges, and SCHLESINGER,[*]
District Judge.

PER CURIAM:

Stacy Scott appeals from an order of the district court which enforced his settlement agreement with two defendants—Correctional Officers Donald Perry and Jeremiah Braswell—and granted summary judgment in favor of two other defendants—Nurse Debra Phillips and Dr. Asbelti Llorens. Following oral argument and a review of the record, we affirm.

_____

[*] The Honorable Harvey Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

21-10923                Opinion of the Court                3

Citing *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 378–80 (1994), Scott argues the district court lacked jurisdiction to enforce the settlement agreement. His reliance on *Kokkonen*, however, is misplaced. *Kokkonen* holds that a federal district court does not have inherent power to enforce a settlement agreement following dismissal of the underlying action. *See id.* Here, the district court enforced the settlement agreement while the action was still pending, and our cases hold that a district court retains jurisdiction in that scenario. *See Kent v. Baker*, 815 F.2d 1395, 1398–400 (11th Cir. 1987); *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967).[1]

As for Scott's deliberate indifference claims against Dr. Llorens, we agree with the district court's grant of summary judgment.

There are situations in which the denial of pain medication for a serious medical condition can constitute deliberate indifference. *See Dadd v. Anoka Cnty.*, 827 F.3d 749, 757 (8th Cir. 2016). But, after Scott complained about the prescribed Ibuprofen, both Dr. Llorens and Dr. Carlos Esquivia—the independent orthopedic specialist—prescribed him Naproxen (though Dr. Llorens prescribed it combined with Excedrin) for his pain. And Scott has not explained what other medications Dr. Llorens should have

---

[1] Decisions of the Fifth Circuit issued before October 1, 1981, are binding precedent on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

prescribed for him.  Under the circumstances, Dr. Llorens did not act with deliberate indifference.  *See Adams v. Poag*, 61 F.3d 1537, 1547 (11th Cir. 1995) (explaining generally a "failure to administer stronger medication" "is a medical judgment").

Dr. Llorens' decision to send Scott to Dr. Esquivia some three weeks after the injury also did not amount to deliberate indifference.  Dr. Llorens ordered an x-ray for Scott three days after seeing him, and that x-ray showed a minimally-displaced fracture and a non-displaced fracture.  Five days after the x-ray was taken, Dr. Llorens referred Scott to Dr. Esquivia (who saw him two weeks later).  Even if, as Dr. Esquivia told Scott, Dr. Llorens had misdiagnosed the fracture as routine, that mistake at most amounted to negligence.  *See Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) ("Whether an instance of medical misdiagnosis resulted from deliberate indifference or negligence is a factual question requiring exploration by expert witnesses.").

Finally, we reject Scott's challenge to the grant of summary judgment in favor of Nurse Phillips.  Scott says that he was not required to pay for the medical records he requested, but he cites no authority which supports his argument.  Under the relevant statute, copies of medical records shall be provided within 10 business days of a request "at a reasonable charge," Fla. Stat. § 766.204(1), and here Scott did not pay the charge of 15 cents per page.

**AFFIRMED.**