SCHOTT ENTERPRISES, INC., et al., Plaintiffs-Appellants,

v.

PEPSICO, INC., and Pepsi-Cola Metropolitan Bottling Company, Inc., Defendants-Appellees.

SCHOTT ENTERPRISES, INC., et al., Plaintiffs-Appellees,

v.

PEPSICO, INC., and Pepsi-Cola Metropolitan Bottling Company, Inc., Defendants-Appellants.

Nos. 74–2150, 74–2151.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 1975.

Irving I. Saul, Dayton, Ohio, for plaintiffs-appellants and plaintiffs-appellees.

R. O. Klausmeyer, Frost & Jacobs, Cincinnati, Ohio, for defendants-appellees and defendants-appellants.

Before WEICK, MILLER and ENGEL, Circuit Judges.

## PER CURIAM.

This appeal and cross-appeal are from orders of the District Court entered in a private anti-trust action after a separate trial to the Court on the issue of the validity of a mutual release executed by the parties. The Court held that the mutual release constituted a complete defense to the anti-trust action and that no liability attached to the plaintiff for bringing the action in good faith.

The Schott interests (Schott) at different times held franchises from Pepsico for bottling, distributing and selling Pepsi Cola in Columbus and Athens, Ohio areas. They also held a franchise for distributing Royal Crown Cola in the Columbus, Ohio area which franchise was issued to them by a competitor of Pepsico.

The controversy in the present case arose out of conditions imposed by Pepsico in its consent to the transfer of the Athens franchise by Schott to their purchaser, which consent was required by the provisions of the franchise agreement.

In the Athens franchise agreement, Schott agreed not to bottle, distribute or sell any cola beverage which could be confused with Pepsi Cola. The agreement also prohibited any sale, transfer or disposition of the franchise without the written consent of Pepsico. It was therefore necessary for Schott to secure Pepsico's written consent to the transfer of the Athens franchise to its purchaser.

Pepsico imposed the following conditions on its consent to the transfer: (1) that Schott dismiss a suit for damages which it had filed against Pepsico in the Common Pleas Court of Franklin County, Ohio, for alleged breach of matters excepted from the operation of a previous mutual release executed in connection with the sale of Schott's Columbus franchise; [1] (2) that a mutual release be executed in connection with the sale and transfer of the Athens franchise; and (3) that the purchaser agree to conditions similar to those in Schott's Athens franchise.

In the negotiations with Pepsico to obtain its consent to the transfer, Schott was represented by counsel and secured his advice before signing the release. Schott had discussed with its counsel the possibility of filing a suit against Pepsico for anti-trust violations. Schott claimed that the conditions imposed prevented it from selling its Royal Crown Cola franchise to the purchaser of the Athens franchise.

Finally on July 20, 1968 Schott agreed to the conditions imposed by Pepsico on the transfer. The sale was closed. Pepsico consented to the transfer and the mutual release was executed by the parties. Schott received $535,000 from the purchaser.[2]

Schott contends that the conduct of Pepsico violated Section 1 of the Sherman Act, 15 U.S.C. § 1, as being an unreasonable restraint of trade.

The District Court did not reach this issue, neither do we, as we agree with the District Court that the mutual release executed by all of the parties to the sale constituted a complete defense to Schott's anti-trust action.

By the provisions of the mutual release each of the parties thereto were released from "any and all manner of actions, causes of action, rights, judgments, debts, contracts, premises, claims and demands of every kind and manner whatsoever, in law or in equity, which the First Parties and/or the Second Parties now have or may have against the other parties hereto . . . from the beginning of time to the date of these presents, for or by reason of any manner or cause whatsoever . . . ."

---

1. In the sale of the Columbus franchise, Schott received $1,500,000 from the purchaser.

2. In 1973 Schott sold its Royal Crown Cola franchise to its purchaser for over $2,000,000.

**1300**

The parties had a right to settle whatever claims either had against the other and such settlement operates as a release. *Adams Express Co. v. Beckwith,* 100 Ohio St. 348, 126 N.E. 300 (1919).

Releases of anti-trust claims are treated the same as releases of other claims. There is no public policy against the release of any anti-trust claim. *Duffy Theatres, Inc. v. Griffith Consol. Theatres, Inc.,* 208 F.2d 316 (10th Cir. 1953), *cert. denied,* 347 U.S. 935, 74 S.Ct. 629, 98 L.Ed. 1085 (1954); *Suckow Borax Mines Consol., Inc. v. Borax Consol. Ltd.,* 185 F.2d 196 (9th Cir. 1950), *cert. denied,* 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1951). See also *Virginia Impression Prod. Co. v. SCM Corp.,* 448 F.2d 262 (4th Cir. 1971), *cert. denied,* 405 U.S. 936, 92 S.Ct. 945, 30 L.Ed.2d 811 (1972).

We find no merit in Schott's claim that they were induced to sign the mutual release because of duress or coercion practiced upon them by Pepsico. The District Court adopted findings of fact and rejected this contention. Schott at all times was acting under the advice of their counsel. They had alternatives which they could have exercised. The Court found no wrongful or offensive conduct on the part of Pepsico. Schott executed the release because of business necessities. They needed the money.

In our opinion the findings of fact adopted by the District Court in connection with the validity of the mutual release are supported by substantial evidence and are not clearly erroneous. Its conclusions of law are correct.

We have considered other contentions made by Schott and find them without merit.

We also approve the findings of fact and conclusions of law adopted by the District Court in its consideration of Pepsico's counterclaim.

The judgment in each appeal is affirmed. Each Appellant will pay the costs in its own appeal.