UNITED STEELWORKERS OF
AMERICA, Plaintiff–Appellant,

v.

LIBBY, McNEILL & LIBBY, INC. and
Nestle Enterprises, Inc.,
Defendants–Appellees.

No. 88–1463.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 7, 1989.

Decided Feb. 13, 1990.

William H. Schmelling, Chicago, Ill. and
Carl B. Frankel, Pittsburgh, Pa., for plain-
tiff-appellant.

Ira M. Shepard and Paul M. Heylman,
Schmeltzer, Aptaker & Sheppard, Washing-
ton, D.C., for defendants-appellees.

Before FLAUM, RIPPLE and
KANNE, Circuit Judges.

KANNE, Circuit Judge.

A settlement agreement entered into be-
tween the parties in this case led to the
district court's entry of an order of dismis-
sal. Two years after the dismissal, the
district judge was asked by the Steelwork-
ers union to clarify the parties' settlement
agreement. The district judge initially de-
termined that he had jurisdiction to inter-
pret the language of the settlement agree-
ment. The Steelworkers' motion for clarifi-
cation, however, was ultimately denied.
We find that the district court did not have
jurisdiction to interpret the settlement
agreement and, consequently, affirm the
denial of Steelworkers' motion for clarifica-
tion of that agreement.

### FACTUAL BACKGROUND

On June 30, 1980, the Steelworkers union
commenced an action in federal district
court against Libby and its parent corpora-
tion, Nestle, pursuant to § 301 of the La-
bor Management Relations Act of 1947, 29
U.S.C. § 185 (1982), for the alleged breach
of the parties' collective bargaining agree-
ment. The Steelworkers maintained that
Libby was obligated under the collective
bargaining agreement to pay certain eco-
nomic benefits to former employees of Lib-
by's then-closed Chicago Can Plant. Libby
and Nestle denied all liability and filed a
counterclaim.

After extensive discovery, the parties en-
tered into negotiations to settle all claims

and dispose of the action. The result of these negotiations was a "Settlement Agreement, Release, and Covenant Not to Sue" entered into by the parties on the eve of trial. This settlement agreement was presented to the district judge who approved and signed it on November 10, 1982. An order dismissing both Steelworkers' complaint and Libby's counterclaim with prejudice was signed by the district judge on November 10th and, thereafter, entered on the docket on November 12, 1982. The order of dismissal reads as follows:

The Court having approved the Settlement Agreement, Release and Covenant Not to Sue, entered into by the parties on this 10th day of November, 1982,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Complaint and the Counterclaim be and hereby are dismissed, with prejudice, each party bearing its own costs and attorneys' fees.

Under the terms of the settlement agreement, which was made part of the record, the parties agreed to resolve and discharge with prejudice all the claims that were or could have been asserted by the Steelworkers with regard to Libby and Nestle's operation and closing of the Chicago Can Plant. As early as January of 1983, however, disagreement over the proper interpretation of certain provisions of the settlement agreement arose between the parties.

In January of 1985, efforts to resolve this dispute over interpretation came to an impasse. This fact brings us to the proceedings around which this appeal revolves. On January 16, 1985, more than two years after this case had been dismissed with prejudice, Steelworkers sought the assistance of the district court in interpreting the provisions of the settlement agreement. The assistance sought came in the form of a "Motion for Clarification of Settlement Agreement." This motion was submitted to the same district judge who had earlier ordered the case dismissed. The Steelworkers' motion to clarify requested the district court "to establish a procedure for the resolution of those disputes either by this court or by a neutral third party." Arguing that the court lacked jurisdiction, Libby and Nestle objected to the district court entertaining the Steelworkers' request to clarify this settlement agreement.

The district judge made a preliminary determination that he had jurisdiction to interpret the agreement's provisions. Evidentiary hearings were held and briefs and affidavits were submitted by the parties. Libby continued to argue that the court lacked jurisdiction to clarify the settlement agreement. Based on the evidence presented and the briefs in support and opposition of the motion, the district judge ultimately denied the Steelworkers' motion for clarification and entered a final order to that effect. It is from this denial that Steelworkers appeal.

## ANALYSIS

The dispositive issue is whether the district court's outright dismissal [1] of this case in 1982 left any basis for a subsequent exercise of jurisdiction with regard to a settlement agreement independently negotiated and arrived at by the parties.

In response to the Steelworkers' 1985 motion for clarification of the settlement agreement, the district judge, at least initially, believed that he had jurisdiction to interpret its language. He indicated this was so because he had affixed his signature to the settlement agreement and given it his approval. The district judge so concluded notwithstanding Libby and Nestle's

---

1. The district court's dismissal of the underlying action in 1982 was pursuant to Fed.R.Civ.P. 41(a)(2). We arrive at this conclusion not by virtue of any affirmative statement to that effect in the record. Rather, our conclusion is one deduced from the circumstances surrounding the dismissal itself. This was not a "voluntary dismissal" by the plaintiff under Rule 41(a)(1)(ii). Such a dismissal requires the parties to file a "stipulation of dismissal" signed by all the parties. *Cf.* Wright and Miller, Federal Practice and Procedure § 2363, pp. 159–60 (1971). No "stipulation" has been filed in these proceedings. To the contrary, the dismissal of the Steelworkers' complaint and Libby's counterclaim was by an order of the court.

jurisdictional arguments to the contrary.[2] Nevertheless, the dispositive decision in the case came later when the district judge entered an order denying the requested clarification sought by the Steelworkers union, possibly because he had determined in his final analysis that he did not in fact have jurisdiction to interpret the settlement agreement. We may do more than speculate on the reason for the district court's refusal to grant the Steelworkers' motion, however. Every federal appellate court has a special obligation to satisfy itself of the jurisdiction of the lower federal courts in a case under review. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Thus, if we determine through our jurisdictional review that, as Libby and Nestle had argued below, the district court was without jurisdiction to clarify the settlement agreement, the denial of that motion by the district court may be affirmed.

In *McCall–Bey v. Franzen*, 777 F.2d 1178 (7th Cir.1985), we addressed the issue of whether an independent basis of federal jurisdiction existed for the enforcement of a settlement agreement after dismissal had been granted. In circumstances similar to those of the case at bar, we concluded, "Rule 41(a)(2) of the Federal Rules of Civil Procedure does not confer authority on federal district judges to enforce the terms of settlement agreements that may have motivated the parties to seek voluntary dismissal of the suit." *Id.* at 1189; *see also Fairfax Countywide Citizens Ass'n v. Fairfax County*, 571 F.2d 1299 (4th Cir.), *cert. denied*, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978). In arriving at this conclusion, we stated, "[i]f the parties want the district judge to *retain* jurisdiction they had better persuade

him to do so." *McCall–Bey*, 777 F.2d at 1187 (emphasis added). With regard to this point, we further noted, "[a]ll that is necessary is that it be possible to infer that he did intend to retain jurisdiction—that he did not dismiss the case outright, thereby relinquishing jurisdiction." *Id.* at 1188. There is nothing in the brief order of dismissal entered by the district judge on November 12, 1982, in the case which indicates or provides any inference that he intended to retain jurisdiction over the completion of the parties' agreement. This was not a situation where an agreed judgment was submitted to the district judge for entry. Here, the judge merely approved and signed the parties' settlement agreement pursuant to their request.[3] While asking a judge to approve and sign a negotiated settlement agreement may be a fairly common and acceptable practice (perhaps based more on tradition and courtesy than the Federal Rules of Civil Procedure), it does not constitute a grant of retained jurisdiction. *See McCall–Bey*, 777 F.2d at 1190 ("There must be a deliberate retention of jurisdiction, as by issuing an injunction or stating that jurisdiction is retained for a particular purpose").

We certainly do not mean to give the impression that a district court cannot interpret the language of its own orders or judgments. To the contrary, it is without question that it can. Thus, to the extent a settlement agreement is incorporated into a court's final judgment or order, the district court retains jurisdiction to interpret that agreement and order its enforcement. *See Fairfax Countywide Citizens Ass'n*, 571 F.2d at 1303 n. 8. In this case, however, the district judge's 1982 order of dismissal did not provide for either a direct or implied retention of jurisdiction over the com-

---

2. While raising jurisdictional questions in their briefs, at oral argument before us the defendants conceded that jurisdiction existed in the district court. We can only guess this was done to achieve a decision on the merits and gain an "interpretation" of the settlement agreement favorable to their position. Regardless of the motivation behind their change of heart, that concession was of no effect. Jurisdiction cannot be created merely by consent of the parties. *Bender v. Williamsport Area School Dist.*, 475

U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986).

3. Nothing in the settlement agreement entered into by Steelworkers and Libby indicates that the parties intended for the district judge to exercise supervision over the completion of the agreement. The settlement agreement, by its very terms, is "[i]n full and final settlement and discharge" of the claims between the parties.

pletion of the settlement agreement. Nor did it incorporate within it the settlement agreement.

We conclude, therefore, that the district court was without jurisdiction to grant clarification of the settlement agreement and a denial of the Steelworkers' motion for clarification was required. Accordingly, we AFFIRM the denial of the motion for clarification on the specific grounds of lack of jurisdiction.