**Katie S. MATISON, Plaintiff,**

v.

**Glenn L. WHITE, et al., Defendants.**

**No. H. 86–0155.**

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

March 22, 1991.

Douglas S. Boone, William W. Sumrall, Laurel, Miss., for plaintiff.

Grady F. Tollison, Ronald W. Lewis, Oxford, Miss., Michael K. Randolph, Hattiesburg, Miss., William Ready, Sr., Meridian, Miss., Dennis L. Horn, Jackson, Miss., Thomas D. McNeese, S. Robert Hammond, Hattiesburg, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court on the plaintiff's motion for, *inter alia*, summary judgment or enforcement of an agreement of compromise and settlement, a motion of Dave A. Matison, the plaintiff's husband, to intervene, and defendant Glenn L. White's cross-motion to dismiss and, in the alternative, for summary judgment. The plaintiff seeks an amendment of or relief from the order dismissing defendant White with prejudice, an adjudication that the term "resign" in the parties' settlement agreement contemplated the plaintiff's reinstatement or reformation of the agreement, and specific performance.

During the jury trial of this cause, the parties executed a settlement agreement on June 8, 1989, thereby resolving all claims; counsel for all parties advised the court that the cause was settled and the trial was discontinued. The court gave the attorneys an opportunity to dictate the terms of the agreement into the record but, having agreed that certain terms would remain confidential, the attorneys neither presented the agreement for court approval nor read it into the record. On July 17, 1989 the court dismissed this cause with prejudice in accordance with the parties' announcement of their settlement. The plaintiff's motion was filed on or about July 26, 1989 and the cross-motion shortly thereafter.

The threshold issue is whether the court has subject matter jurisdiction over the pending motions which raise questions of contract law, separate and distinct from the issues in the original litigation. *See Lee v. Hunt,* 483 F.Supp. 826, 832 (W.D.La. 1979) (since "an action to enforce a settlement agreement is analogous to an action for breach of contract . . . [t]he subject and merit of the original litigation are no longer material"), *aff'd,* 631 F.2d 1171 (5th Cir. 1980), *cert. denied sub nom. Hunt v. Hunt,* 454 U.S. 834, 102 S.Ct. 133, 70 L.Ed.2d 112 (1981). In *Lee v. Hunt,* the district court granted a motion to enforce a settlement agreement and denied a Rule 12(b) motion to dismiss for lack of subject matter jurisdiction and other defects. The parties had reached a settlement agreement during trial, dictated the terms into the record at the court's request, and signed the transcribed agreement in the presence of the court with the understanding that a more formal document would be subsequently executed. The court discharged the jury and entered a judgment of dismissal with prejudice based on the settlement. Subsequently, a master settlement agreement was prepared and executed in part and, on motion, the court entered a final judgment ordering the remaining party to execute the master agreement. 631 F.2d at 1173. The court stated that a court clearly "may entertain an action to enforce a settlement of litigation pending before it" and relied on cases involving disputes before the dismissal of the action. *Id.* at 831–32 (citing *Pearson v. Ecological Science Corp.,* 522 F.2d 171 (5th Cir.1975), *cert. denied sub nom. Skydell v. Ecological Science Corp.,* 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976); *Massachusetts Casualty Insurance Co. v. Forman,* 469 F.2d 259 (5th Cir.1972); *Cia Anon Venezolana de Navegacion v. Harris,* 374 F.2d 33 (5th Cir.1967)). The Fifth Circuit noted that the issue of subject matter jurisdiction was not raised on appeal but cited the above cases in recognition of federal courts' inherent power to enforce settlement agreements. 631 F.2d at 1173–74.

Unlike the instant case based solely on federal question jurisdiction, diversity of citizenship existed in *Lee v. Hunt,* as noted by the district court. 483 F.Supp. at 831 n. 4. *See Fairfax Countywide Citizens Ass'n v. Fairfax County,* 571 F.2d 1299, 1303 (4th Cir.) (an independent basis for federal jurisdiction must exist in an action to enforce a settlement agreement unless the agreement is approved and incorporated into the order of the court), *cert. denied,* 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978). The court in *Fairfax Countywide Citizens Ass'n* concluded

> the inherent power of a district court to enforce settlement agreements, like any other power inherently vested in a federal court, presupposes the existence of federal jurisdiction over the case or controversy.

571 F.2d at 1304 (criticizing *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371 (6th Cir.) (lack of diversity of citizenship did not preclude the federal court's enforcement of the parties' settlement agreement), *cert. denied,* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976)). *Aro Corp.* is distinguishable from the instant cause in that its dismissal was without prejudice. 531 F.2d at 1370, 1374.

The Eleventh Circuit has made a distinction between settlement disputes before and after dismissal of the case by the court. *Kent v. Baker,* 815 F.2d 1395 (11th Cir.1987). Recognizing an apparent split of authority in the circuit, the court in *Kent v. Baker* followed the *Cia Anon* line of cases and held that

> a district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action.

*Id.* at 1398–1400 (citing *Londono v. City of Gainesville,* 768 F.2d 1223 (11th Cir.1985) (remanded for a hearing to determine whether the parties had entered into an enforceable settlement contract)). The court in *Londono* stated that in the event the parties had reached a settlement, the action would become moot and the court would have no authority to enforce the agreement absent an independent basis for federal jurisdiction. 768 F.2d at 1226. The cited language may be construed as dictum since the court explicitly reserved ruling as to the validity of the district court's enforcement of the settlement. *Kent v. Baker,* 815 F.2d at 1399 (citing *Londono,* 768 F.2d at 1226 n. 1, 1228–29). The court in *Kent v. Baker* rejected the reasoning in *Londono* but stated:

> This case does not involve, and we do not address, the question of whether and when a district court may reopen a case after it has been dismissed to enforce a settlement agreement.

815 F.2d at 1400 n. 4.

■ It is well settled in the Fifth Circuit that a federal court has the inherent power to enforce a settlement of litigation *pending* before it. *White Farm Equipment Co. v. Kupcho,* 792 F.2d 526, 529 (5th Cir. 1986) ("inherent power to enforce settlement agreements entered into by the parties litigant *in a pending case* ") (emphasis added), *quoted in Ho v. Martin Marietta Corp.,* 845 F.2d 545, 548 (5th Cir.1988); *Lee v. Hunt,* 483 F.Supp. at 831. An action, such as the instant cause, that is dismissed with prejudice by court order is no longer pending before the court. "Federal courts have the right to apply their own procedural rules to dispose of federal claims." *Ho v. Martin Marietta Corp.,* 845 F.2d at 548 n. 3. The court in *Ho* stated

> the district court may refuse to enter a judicially enforceable consent decree embodying the settlement. A court is a judicial body, not a recorder of contracts.

*Id.* at 548 n. 4. The court in *Ho* held that since a judicial consent decree is a final judgment, the district court, having a right to protect the finality of its judgment, had jurisdiction over the enforcement of its consent decree. *Id.* at 547, 548–49. *See White Farm Equipment Co. v. Kupcho,* 792 F.2d at 530 ("a federal court may hold [the parties] to their word by incorporating the terms of their agreement into a final judgment"). The court in *Kupcho* held:

> Once incorporated into a judgment, federal courts have inherent authority to enforce the judgment and to determine

whether there is good reason to vacate or modify that judgment.

*Id.*

In the instant cause, the parties' settlement agreement was not made a part of the record or incorporated into the final order of dismissal with prejudice and is therefore only a contract, as opposed to a court decree. *White Farm Equipment Co. v. Kupcho,* 792 F.2d at 529 ("[a] settlement agreement is a contract, but, when incorporated into a judgment, [it] becomes a court decree"). The motions before the court call for judicial interpretation, reformation and/or enforcement of the contract and have no bearing on the original claims in dispute prior to the parties' resolution of this cause.

The instant motions are similar to the motion for clarification of settlement agreement recently addressed by the Seventh Circuit. *United Steelworkers of America v. Libby, McNeill & Libby, Inc.,* 895 F.2d 421 (7th Cir.1990). As in the instant cause, the court issued a brief order of dismissal with prejudice after the parties independently negotiated and reached a settlement agreement. The Steelworkers union moved for clarification of the parties' settlement agreement more than two years after the dismissal. *Id.* at 422. The court held that the district court had no subsequent jurisdiction over the agreement since the court neither directly or impliedly retained jurisdiction nor incorporated the agreement into its order of dismissal. *Id.* at 423–24. "[T]o the extent a settlement agreement is incorporated into a court's final judgment or order, the district court retains jurisdiction to interpret that agreement and order its enforcement." *Id.* at 423 (citing *Fairfax Countywide Citizens Ass'n v. Fairfax County,* 571 F.2d at 1303 n. 8). The court found that the judge's approval and signature of the parties' settlement agreement did not constitute a deliberate retention of jurisdiction over the completion of the agreement. *Id.* The parties in the instant cause did not even present their agreement to the court for approval. In both cases, the existence of a settlement agreement is undisputed but no consent judgment was submitted to the court for entry.

The court finds that the settlement agreement which expressly provides "for full and complete settlement" does not indicate any intent of the parties for the court to supervise the performance of their agreement. *See Libby, McNeill & Libby, Inc.,* 895 F.2d at 423 n. 3. Accordingly, the undersigned did not intend to directly or impliedly retain jurisdiction, as reflected in the order of dismissal which reads as follows:

This cause comes before the court on the parties' announcement at trial that the parties have fully and finally settled this cause. It is therefore ORDERED:

That this cause is hereby DISMISSED with prejudice.

THIS, the 17th day of July, 1989.

In contrast, it appears that the district court in *Lee v. Hunt* intended to retain jurisdiction since its judgment of dismissal was based on a preliminary agreement which was made a part of the record and was contemplated by the parties and the court to be superseded by a master agreement and, in any event, had an independent ground for jurisdiction. This court did not retain jurisdiction and has no independent basis for jurisdiction.

For the foregoing reasons, the court finds that it is without jurisdiction and, thus, the motions pertaining to the parties' settlement agreement are not properly before the court.

An order denying the motions will issue.

## ORDER

In accordance with a memorandum opinion this day issued, it is ORDERED:

That the plaintiff's motion for, *inter alia,* summary judgment or enforcement of an agreement of compromise and settlement is DENIED;

That the motion of Dave A. Matison to intervene is DENIED; and

That defendant Glenn L. White's cross-motion to dismiss and, in the alternative, for summary judgment is DENIED.