928 F.2d 1135
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert HOOD, Plaintiff/Appellant,
v.
Gary FOSTER and City of Carlinville, Defendants/Appellees.
 No. 90-1974.
 United States Court of Appeals, Seventh Circuit.
 Argued March 6, 1991.
Decided March 27, 1991.
 
 Appeal from the United States District Court for the Central District of Illinois, Springfield Division, No. 89 C 3220, Richard Mills, Judge.
 C.D.Ill.
 VACATED AND REMANDED.
 Before RIPPLE and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 I. PROCEDURAL HISTORY
 
 1
 On March 2, 1989, Robert Hood filed in federal court a complaint which contained one claim brought pursuant to 42 U.S.C. Sec. 1983 and two pendent state claims. On March 31, 1989, the defendants moved to dismiss the complaint for failure to state a claim. After argument on the motion, Mr. Hood was given 14 days to amend his complaint; however, he failed to do so. On June 19, 1989, his complaint was dismissed without prejudice for want of prosecution.
 
 
 2
 On September 26, 1989, Mr. Hood filed a second complaint in state court. This is the complaint at issue in this appeal. While the first complaint alleged violations of the United States Constitution, this complaint instead only alleged violations of the Illinois Constitution.
 
 
 3
 The defendants filed a notice of removal to federal court pursuant to 28 U.S.C. Secs. 1441 and 1443 on October 11, 1989. Mr. Hood did not object to the removal. On December 27, 1989, the defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim under section 1983. The district court granted the motion, noting that the "complaint did not allege sufficient facts to establish a deprivation of constitutional rights under 42 U.S.C. Sec. 1983" and that it was "couched in terms of state law."
 
 II. JURISDICTION
 
 4
 The defendants removed this case to federal court pursuant to 28 U.S.C. Secs. 1441 and 1443. Neither party has questioned the jurisdiction of the district court to consider Mr. Hood's complaint. Subject matter jurisdiction, however, cannot be created by consent of the parties. United Steelworkers of America v. Libby, McNeill & Libby, Inc., 895 F.2d 421, 423 n. 2 (7th Cir.1990) cert. denied, 111 S.Ct. 111. Nor can it be waived. United States v. Stillwell, 900 F.2d 1104, 1110 (7th Cir.1990). A court of appeals has a duty to insure that the lower court had jurisdiction over the matter under review. United Steelworkers, 895 F.2d at 423.
 
 
 5
 Section 1443 allows the removal of civil rights actions where the deprivation of a federal right is stated in terms of racial equality and where the state court is not likely to enforce the federal right. J.O. v. Alton Community Unit School Dist. 11, 909 F.2d 267, 269 n. 2 (7th Cir.1990). Mr. Hood's claim is not based on race. Consequently, section 1443 was not an appropriate vehicle for removing his case to federal court.
 
 
 6
 Section 1441 allows a defendant to remove any civil action brought in state court to federal court if a federal court would have original jurisdiction over the matter. Because there is no diversity of citizenship among the parties in this case, federal question jurisdiction was required for removal. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under federal question jurisdiction, the case must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. Sec. 1331. The federal issue must appear on the face of the plaintiff's well-pleaded complaint. Lister v. Stark, 890 F.2d 941, 943 (7th Cir.1989) cert. denied, 111 S.Ct. 579. Because the plaintiff is the master of his complaint, "he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. Jurisdiction may only be sustained on a theory that the plaintiff has advanced. Id. (citing Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 809 n. 6 (1986)).
 
 
 7
 The complaint in question contains three counts. Subject matter jurisdiction turns on whether count one alleges a violation of a federal right. In count one, Mr. Hood alleges that defendant Gary Foster, while acting under color of state law, deprived him of due process rights guaranteed by Article I, Section 2 of the Illinois Constitution. Nowhere on the face of his complaint does Mr. Hood make reference to the United States Constitution or to any federal laws. Although Mr. Hood's complaint uses language from section 1983, "under color of state law," he has not alleged a violation of a federal right.
 
 
 8
 Mr. Hood seems indifferent as to which court he litigates in and as to what theory he uses to seek compensation for the wrong he believes that he has suffered. However, in his present complaint, he has chosen to sue the defendants for damages under a state constitutional theory. Therefore, the district court lacked subject matter jurisdiction over his complaint.
 
 
 9
 Accordingly, the order of dismissal is VACATED and this case is REMANDED to the district court with instructions to remand it to the state court.