# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 01-60423

_____


GERALD HENLEY; TONYA HENLEY; DONALD DUNCAN,


Plaintiffs - Appellants,


versus


MIKE EDLEMON, in his individual capacity; ITAWAMBA
COUNTY, MISSISSIPPI, being the same entity as the Sheriff of
Itawamba County, Mississippi, in his official capacity; WESTERN
SURETY CO,


Defendants - Appellees,

STATE OF MISSISSIPPI,


Intervenor Defendant - Appellee.



Appeal from the United States District Court
For the Northern District of Mississippi



July 24, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiffs-Appellants Gerald Henley and Tonya Henley (collectively, the "Henleys") filed this

42 U.S.C. § 1983 suit in federal district court alleging that the Defendants-Appellees Deputy Sheriff

Mike Edlemon, Itawamba County, Mississippi ("the County"),[1] and Western Surety Co. ("Western Surety"), the surety for the County, violated their constitutional rights.[2] The parties consented to have the case tried before a magistrate judge. *See* 28 U.S.C. § 636(c);[3] FED. R. CIV. P. 73(a).[4] Edlemon failed to file an answer to the Henley's complaint so the magistrate judge entered a default judgment against him. The County and Western Surety then filed separate motions for summary judgment, which the magistrate judge granted. The Henleys now appeal, arguing that genuine issues of material fact exist with respect to their claims against the County and Western Surety.

The Henleys were arrested and charged with selling marijuana, selling crystal methamphetamines, and conspiring to sell crystal methamphetamines. Edlemon, who was the head

---

[1]Itawamba County is the same legal entity as the Sheriff of Itawamba County.

[2]Donald Duncan, the third named Plaintiff-Appellant in this appeal, waives his claims as time-barred.

[3]28 U.S.C. § 636(c) provides, in relevant part:
> (c) Notwithstanding any provision of law to the contrary--
>> (1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c).

[4]FED. R. CIV. P. 73(a) provides:
> When specially designated to exercise such jurisdiction by local rule or order of the district court and when all parties consent thereto, a magistrate judge may exercise the authority provided by Title 28, U.S.C. § 636(c) and may conduct any or all proceedings, including a jury or nonjury trial, in a civil case. A record of the proceedings shall be made in accordance with the requirements of Title 28, U.S.C. § 636(c)(5).

FED. R. CIV. P. 73(a).

of Itawamba County-Fulton Narcotics Unit, conducted a search of the Henleys' home during their arrest. Edlemon took various items of personal property from the Henley's residence pursuant to the search, which he turned over to the County. The County inventoried the seized property and held it pending the resolution of the Henleys' case. The Henleys claim, however, that while Edlemon searched their home, he additionally stole approximately $7,500 in cash.

The Henleys were indicted for the drug offenses, but the charges were *nolle prossed*. Following the dismissal of the criminal charges against them, the Henleys sought to have the items seized by the County returned. Tonya Henley went to the sheriff's office to obtain the seized property. In order to receive the property, a deputy informed her that she would have to sign a release. The release stated:

> I, Gerald and Tonya Henley, do hereby acknowledge that I have received the following items from the Itawamba County Sheriff's Dept., as is, and by receiving these items, fully release the Itawamba Country Sheriff's Dept. of any and all present or future liabilities.

Tonya Henley signed the release and received the property from the Sheriff's Department.

The Henleys then filed suit against Edlemon, the County, and Western Surety. The Henleys claimed that Edlemon's alleged theft while conducting a search for narcotics violated the Fourth Amendment, as well as the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment. The Henleys further alleged that because Edlemon had stolen money and property from other suspects, his conduct represented the custom and policy of the County, rendering it liable under § 1983. The Henleys also claimed that the County had failed to adequately train and supervise Edlemon in order to prevent such occurrences. Finally, the Henleys argued that Western Surety is liable for their claims against Edlemon and the County as a surety on the County's bond

-3-

pursuant to Mississippi law.

Edlemon failed to file an answer in response to the Henleys' complaint, so the magistrate judge entered a default judgment against him. The County subsequently moved for summary judgment on the ground that the release Tonya Henley signed absolved it from any liability for the alleged theft. The magistrate judge granted the County's motion for summary judgment based on the release. Western Surety then filed a motion to alter or amend the judgment, or in the alternative, a motion for summary judgment. Western Surety argued that because the magistrate judge had granted summary judgment in favor of the County, it should do so for Western Surety as well because, as a surety, its liability was contingent on the liability of the County. Western Surety did not submit any evidentiary material with its motion. Nevertheless, the magistrate judge also granted Western Surety's summary judgment motion. The Henleys now appeal.

We review a grant of summary judgment de novo, applying the same standard as the magistrate judge. *Messer v. Meno*, 130 F.3d 130, 134 (5th Cir. 1997). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). On a motion for summary judgment, a court must review the facts in the light most favorable to the non-movant. *Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000).

The Henleys first argue that the magistrate judge erred in granting the County's motion for summary judgment based on the release Tonya Henley signed. The magistrate judge determined that the release was not ambiguous, concluding that its language clearly stated that the County was

released, without reservation, from any and all present and future liabilities. The Henleys disagree, arguing that there is a genuine issue of material fact as to whether the release covered the stolen cash in addition to the property that the County returned to them.

The determination of whether a contract is ambiguous is a question of law, which we review *de novo*. *Miss. Power Co. v. N.L.R.B.*, 284 F.3d 605, 619 n.39 (5th Cir. 2002).[5] A contract is ambiguous if it is reasonably subject to more than one meaning. *Fireman's Fund Ins. Co. v. Murchison*, 937 F.2d 204, 207 (5th Cir. 1991). If a court determines that a contract is ambiguous, "summary judgment is inappropriate because the interpretation of a contract is a question of fact." *Id.* (citing *Toren v. Braniff, Inc.*, 893 F.2d 763, 765 (5th Cir. 1990)).

In the instant case, it is unclear whether the release covers the property returned to the Henleys. It is reasonable to read the release as applying only to the personal property being returned, and not to any additional property not held by the County. Thus, the release is ambiguous and a jury should determine what property is covered by its terms. *Id.* Moreover, the circumstances of the signing of the release raise a genuine issue of material fact as to whether the Henleys voluntarily agreed to release their claims. The evidence establishes that there was no negotiation, Tonya Henley was not represented by counsel when she signed the release, and she was required to sign the release in order to receive her property. In addition, there is no evidence suggesting that the Henleys

---

[5]In general, we apply federal law when interpreting the release of federal claims. *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 1994). Both parties, however, cite Mississippi cases regarding contract interpretation. Under either federal common law of contract or Mississippi contract law, the language of contract is ambiguous if a section of contract is subject to reasonable alternative interpretations. *See Broad v. Rockwell Int'l Corp.*, 642 F.2d 929, 948 (5th Cir. 1981) (stating that "[a]s a matter of law, be it the law of New York or any other jurisdiction with which we are acquainted, the [contract] either is or is not ambiguous"); *Funeral Fin. Sys. v. United States*, 234 F.3d 1015, 1018 (7th Cir. 2002) (holding that under federal common law, "language of a contract is ambiguous if a section of that contract is subject to reasonable alternative interpretations").

intended to surrender their rights to sue the County based on the unreported stolen property when Tonya Henley signed the release. Thus, the magistrate judge erred when he granted the County's motion for summary judgment.

The Henleys also challenge the magistrate judge's grant of summary judgment to Western Surety.[6] Because we are vacating the magistrate judge's grant of summary judgment in favor of the County, Western Surety remains potentially liable as the County's surety. Moreover, Western Surety may also be potentially liable for the Henley's claims against Edlemon if he was insured in his individual capacity. Because Western Surety did not submit any evidence regarding the terms of their bond, and the record does not contain any evidence establishing whether Edlemon is insured under the bond in his individual capacity, we REMAND for further determination on this point.[7]

For the foregoing reasons, we VACATE the magistrate judge's summary judgment rulings and REMAND this case for further proceedings consistent with this opinion.

---

[6]The Henleys argue that Western Surety is liable as a surety on the sheriff's bond pursuant to MISS. CODE ANN. § 19-25-19, which provides that "sheriffs shall be liable for the acts of their deputies." MISS. CODE. ANN § 19-25-19. In effect, Mississippi law provides for vicarious liability of sheriffs for the acts of their deputies. The Supreme Court, however, has rejected vicarious or respondeat superior liability in § 1983 suits. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Thus, the Henleys cannot rely on this state law doctrine in their § 1983 suit because it is inconsistent with federal law. *See* 42 U.S.C. § 1988; *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979) (concluding that "[t]he language of the statute governing the remedies available in civil rights actions, 42 U.S.C. § 1988, supports our conclusion that state vicarious liability doctrines are inapplicable in § 1983 suits").

[7]If Western Surety's bond does cover Edlemon, then Western Surety could also be liable to the extent that Edlemon is liable.