United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-60980
Summary Calendar

———————————————

LESTER GORDON; ELENCY ERBY,

Plaintiffs-Appellants,

versus

CITY OF COLUMBUS MISSISSIPPI, THOMAS KING,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 02-CV-153-D
--------------------

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Lester Gordon and Elency Erby appeal from the summary
judgment dismissal of their 42 U.S.C. § 1983 suit. At issue is
the validity of a release-dismissal agreement, which the district
court held precluded the bringing of the instant suit. We review
the district court's summary judgment decision de novo. E.g.,
Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912 (5th Cir.
1992).

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Appellants argue that a material issue of fact exists whether the written agreement included a requirement that the City of Columbus ("the City") issue a public apology to Erby, to which the parties had allegedly orally agreed. The release-dismissal agreement, however, was unambiguous and made no mention of a public apology; therefore, resort to parol evidence to ascertain the parties' intent on this issue is improper. See Henley v. Edlemon, 297 F.3d 427, 430 n.5 (5th Cir. 2002); United States, For Use of Garrett v. Midwest Constr. Co., 619 F.2d 349, 352 (1980).

Appellants additionally argue, for the first time on appeal, that the appellees failed in their burden of proving that the release-dismissal agreement did not disserve the public interest. A party may not raise an issue for the first time on appeal merely because he believes that he might succeed on a different theory of recovery. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Nevertheless, this argument fails on the merits; the record evidences that the City's handling of the matter was not "skewed unfairly toward the interest of its officials while disadvantaging [Erby] or the public." See Berry v. Peterson, 887 F.2d 635, 641 (5th Cir. 1989). Finally, we hold pursuant to the Berry factors that the release-dismissal agreement was voluntarily entered into. See id. at 639-40.

AFFIRMED.