United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 13, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 02-60941

———————

U-SAVE AUTO RENTAL OF AMERICA, INC.; AUTO RENTAL RESOURCES
CORPORATION,

Plaintiffs — Appellees,

versus

KEN MOSES; JEFF JONES; STEVEN DIETSCH; JIM BANKSON; ALESA MUELLER;
USI RENTAL SPECIALTIES, formerly known as Rental Industry Services, Inc.,

Defendants — Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi, Biloxi
No. 1:02-CV-689-BrR
--------------------

Before REAVLEY, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This case requires us to interpret a contract between Appellant Rental Industry Services, Inc.

("RISE") and Appellee U-Save Auto Rental of America, Inc. ("U-Save"). RISE appeals the district

court's entry of a preliminary injunction based upon a contractual noncompete clause. RISE contends

that the injunction issued by the district court is overbroad because it expands the scope of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

noncompete clause to enjoin RISE from contacting customers who are expressly excluded from the noncompete clause. We agree.

As an initial matter, the parties dispute whether the contract is ambiguous as a matter of law. "[W]hether a contract is ambiguous, as well as the interpretation of an unambiguous contract, are questions of law reviewed *de novo*." Triad Elec. & Controls, Inc. v. Power Sys. Eng'g, Inc., 117 F.3d 180, 187 (5th Cir. 1997). The contract provides that it is to be "governed by, construed and interpreted in accordance with the laws of the State of Mississippi." Under Mississippi law, the language of a contract is ambiguous if a section of the contract is subject to reasonable alternative interpretations. Henley v. Edlemon, 297 F.3d 427, 430 n.5 (5th Cir. 2002).

Although paragraph 2.4 of the contract contains a covenant not to compete, paragraph 2.5 excludes "any customers who presently have or previously had vehicle liability insurance provided through RISE or its affiliates." We find this language unambiguous. Although ARRC reads paragraph 2.5 to exclude only those customers who had insurance provided through RISE or its affiliates and who were not referred to RISE by ARRC, there is no language in paragraph 2.5, or elsewhere in the contract, that provides or reasonably suggests such an additional limitation on the exclusion in paragraph 2.5.

Injunctions must be narrowly drawn and precise. Brown v. Petrolite Corp., 965 F.2d 38, 51 (5th Cir. 1992). The preliminary injunction issued by the district court is overly broad because it reaches beyond the scope of the contract. Specifically, it enjoins RISE from contacting customers expressly excluded from the scope of the noncompete clause in paragraph 2.5. Accordingly, we VACATE the injunction and REMAND to the district court with instructions to reissue the preliminary injunction with the following language deleted: "and who were not provided to or

2

identified to Defendants by ARRC."

VACATED and REMANDED