United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-20254

_____

HOWARD KARREN; WALTER WILSON,

Plaintiffs-Appellants,

versus

EOG RESOURCES INC

Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- -

CHRIS BRYAN; GEORGE UTHLAUT

Plaintiffs-Appellants

versus

EOG RESOURCES INC

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(No. 4:04-CV-1783)

_____

Before JONES, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

1

PER CURIAM:*

The Appellants Harold Karren, Walter Wilson, Chris Bryan, and George Uthlaut were employees of Enron Oil & Gas Co., which was a wholly-owned subsidiary of Enron until late 1995, at which time Enron deconsolidated Enron Oil & Gas Co. In 1999, Enron divested itself of its majority interest in Enron Oil & Gas Co. and the former subsidiary became EOG Resources, Inc. ("EOG"). While employed at Enron Oil & Gas Co. and EOG, The Appellants participated in various Enron Deferral Plans and the Enron Executive Supplemental Survivor Benefits ("ESB") Plan.

After their retirements, Karren and Wilson received benefits from Enron pursuant to the Deferral Plans until November 2001. They then received notices that no further benefits payments would be made due to Enron's bankruptcy. EOG refused to make payments to the Appellants. Bryan also was informed that he would no longer receive payments under the Deferral Plans. Karren, Wilson, and Uthlaut later received information from the Enron bankruptcy proceedings indicating that their executive survivor benefits would not be paid to their beneficiaries after their deaths.

In December 2003, Karren and Wilson brought suit against EOG for breach of contract, anticipatory breach of contract, quantum meruit, unjust enrichment, and attorney's fees. In April 2004, Bryan and Uthlaut filed an identical suit. EOG removed both cases to the Southern District of Texas in 2004, and the district court granted an unopposed motion to consolidate the cases. The Appellants filed an amended complaint raising a claim that EOG has a duty to pay benefits under ERISA. In addition, they sought declaratory relief to ensure that their survivors would be paid death benefits under the ESB Plan. EOG filed a motion to dismiss all claims except those for Plan benefits,

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which the district court granted on November 22, 2004. Both parties then filed motions for summary judgment on the remaining claims under ERISA. The district court granted EOG's motion for summary judgment, denied the Appellants' motion for summary judgment, and denied the Appellants' motion for reconsideration.

The Appellants appeal only the grant of summary judgment on the ERISA claims and not the dismissal of their other claims. *See Adams v. Unione Mediterranea di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived.").

## DISCUSSION

On appeal, the Appellants argue that the district court erred in granting summary judgment in favor of EOG with respect to the Deferral Plans and the ESB Plan because the record evidence raises a genuine fact issue concerning whether the term "employer" appearing in the Plans is ambiguous. However, the Appellants are precluded from raising this argument on appeal because they did not present this argument to the district court. Rather, when EOG filed a motion for summary judgment, the Appellants filed their own motion for summary judgment, arguing that the language of the Plans was clear, unambiguous, and dictated that the proper legal interpretation of the plan was that EOG is the employer responsible for paying the Appellants benefits. In particular, in their summary judgment motion, the Appellants stated that they were entitled to "benefits as a matter of law," and EOG is "clearly" designated as responsible for funding the plans. Had the Appellants pursued their ambiguity claim, they would not have moved for summary judgment and would have argued that the interpretation of the terms was a question of fact for the fact finder. *See Henley v. Edlemon*, 297 F.3d 427, 430 (5th Cir. 2002) ("If a court determines that a contract is ambiguous, 'summary judgment is inappropriate because the interpretation of a contract is a question of fact.'"

3

(quoting *Fireman's Fund Ins. Co. v. Murchison*, 937 F.2d 204, 207 (5th Cir. 1991)).

We see no "miscarriage of justice" in declining to review this issue not raised before the district court because we agree with the district court that the terms were unambiguous and did not provide that EOG was responsible for paying benefits under the Plans. *See In re Goff*, 812 F.2d 931, 933 (5th Cir. 1987) (noting that the court "will consider an issue raised for the first time on appeal only if the issue is purely a legal issue and if consideration is necessary to avoid a miscarriage of justice"). At the district court, the Appellants had an opportunity to oppose EOG's motion for summary judgment and pursue their argument that the terms were ambiguous and, therefore, a question of fact. They, instead, sought summary judgment, necessarily conceding that the terms were unambiguous and subject to one interpretation as a matter of law. On appeal, they had the opportunity to argue that the district court erred in its interpretation of the unambiguous terms of the Plans, and they chose not to do so. Instead, they argued a theory that they had never put before the district court.

## CONCLUSION

Therefore, we AFFIRM the district court's holding that the terms of the Deferral Plans and ESB Plan were unambiguous, and that the unambiguous meaning of the terms designated Enron, not EOG, as the entity responsible for paying benefits due under those Plans.