# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2007

Charles R. Fulbruge III
Clerk

No. 06-20398
Summary Calendar

AMADO A SOTO; ET AL

Plaintiffs

JUAN ENRIQUEZ

Plaintiff-Appellant

v.

W J ESTELLE, Director Texas Department of Corrections; LESTER H BEAIRD, Warden Darrington Unit, Rosharon, TX; CHARLES AVERY, JR; H H COFFIELD, Former Chairman of the Texas Board of Corrections; JAMES MARVIN WINDHAM, Former Chairman of the Texas Board of Corrections; RAYMOND PROCUNIER, Former Chairman of the Texas Department of Corrections; O O MCCOTTER, Former Director of the Texas Department of Corrections; JAMES A COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; ALAN MITCHELL, Corrections Officer; JACK B PURSLEY, Corrections Officer; JAMES MICHAEL WILSON; B S HARTNET; S O WOODS, Director of the Bureau of Classification

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:73-CV-900

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Enriquez, Texas state prisoner # 227122, appeals the district court's judgment dismissing his civil rights complaint with prejudice on the basis that a final settlement agreement existed between the parties and that the agreement had been substantially fulfilled. The district court erred in doing so without allowing an evidentiary hearing on Enriquez's arguments concerning the validity and scope of the agreement. See Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386, 390-92 (5th Cir. 1984). We therefore reverse the judgment of the district court and remand the matter for an evidentiary hearing on the validity and scope of the settlement agreement. Enriquez's narrow motion to remand is denied as moot.

REVERSED AND REMANDED; ALL OUTSTANDING MOTIONS DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.