# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2011

No. 10-20210
Summary Calendar

Lyle W. Cayce
Clerk

JUAN R ENRIQUEZ,

Plaintiff–Appellant

v.

W J ESTELLE, Director Texas Department of Corrections; LESTER H BEAIRD, Warden Darrington Unit, Rosharon, TX; CHARLES AVERY, JR.; H H COFFIELD, Former Chairman of the Texas Board of Corrections; JAMES MARVIN WINDHAM, Former Chariman of the Texas Board of Corrections; RAYMOND PROCUNIER, Former Chairman of the Texas Department of Corrections; O O MCCOTTER, Former Director of the Texas Department of Corrections; JAMES A COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; ALAN MITCHELL, Corrections Officer; JACK B PURSLEY, Corrections Officer; JAMES MICHAEL WILSON, Corrections Officer; B S HARTNET; S O WOODS, Director of the Bureau of Classification,

Defendants–Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:73-CV-900

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Juan R. Enriquez, Texas state prisoner # 227122, appeals the district court's judgment that dismissed his 42 U.S.C. § 1983 complaint with prejudice. The court dismissed Enriquez's claim after finding that a 2002 settlement agreement between the parties was an enforceable contract under which the State had substantially performed its obligations. We affirm.

In December 2009, the district court held an evidentiary hearing to determine the validity and scope of a purported settlement agreement between the parties dating back to 2002. *See Enriquez v. Estelle*, 251 F. App'x 883, 884 (5th Cir. 2007) (remanding for evidentiary hearing). After the hearing, the district court found that the settlement agreement was an enforceable contract that unambiguously called for Enriquez to dismiss his remaining civil rights claims against the Defendants–Appellees in exchange for $7,500. And because the state had substantially complied with its obligations under the agreement, the district court dismissed Enriquez's lawsuit with prejudice.

We review de novo the legal question whether a contract is ambiguous, but the interpretation of a contract is a question of fact. *See Henley v. Edlemon*, 297 F.3d 427, 430 (5th Cir. 2002). Due to the strong public policy encouraging the settlement of cases, "we prefer upholding settlements rather than overturning them." *Ho v. Martin Marietta Corp.*, 845 F.2d 545, 547 n.2 (5th Cir. 1988).

In December 2002, an Assistant Attorney General for the State of Texas sent Enriquez a letter referencing a proposed agreement to settle Enriquez's § 1983 claims. The letter specified that the State "agreed to pay seven thousand five hundred dollars ($7,500) for full and final settlement of [Enriquez's claims] in exchange for a signed release and dismissal with prejudice of all of [Enriquez's] claims and costs as Plaintiff herein." The letter further stated that, in an effort to demonstrate good faith, the State had secured Enriquez's transfer to a different prison unit where he would be allowed to enroll in vocational training. In closing, the letter indicated that "[i]f the foregoing accurately reflects our settlement agreement, please sign where indicated below and return

to this office via fax and the original by regular mail. If this letter does not accurately reflect our agreement, please contact me [the AAG] immediately." After Enriquez signed and dated the letter where indicated and returned it to the State, the State sent him a check for $7,500 made payable to Enriquez's inmate trust account.

By signing, dating, and returning the letter to the defendants without noting any counteroffer or negotiation, Enriquez manifested his assent to the settlement. The district court did not err in determining, as a matter of law, that the letter at issue was a binding settlement agreement. *See Henley*, 297 F.3d at 430; RESTATEMENT (SECOND) OF CONTRACTS §§ 17, 19. Additionally, the text of the settlement letter supports the district court's legal determination that the terms of the agreement were unambiguous. Accordingly, we need not inquire as to the actual intent of the parties, *see Xtria LLC v. Tracking Sys.*, 345 F. App'x 940, 942–43 (5th Cir. 2009), and the issue of whether the State substantially complied with any assumed non-cash components of the settlement becomes irrelevant. There is no merit to Enriquez's contention that the Texas Attorney General's office was without authority to enter into a settlement agreement on behalf of public servant defendants who had been sued in their individual capacities. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 104.002, 104.004; *Lutz v. Collins*, No. 04-08-00496-CV, 2009 Tex. App. LEXIS 884, at *3–4 (Tex. App.—San Antonio [4th Dist.], Feb. 11, 2009).

Enriquez also argues that the district court was without jurisdiction to enter its July 2003 order dismissing his lawsuit. We have previously held that that order was not a final, appealable order for purposes of 28 U.S.C. § 1291. *See Enriquez v. Estelle*, 123 F. App'x 157, 158 (5th Cir. 2005). The propriety of that order is not properly before the court. Finally, contrary to Enriquez's contention on appeal, the district court was authorized to enforce the settlement agreement in this case. *See Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th

Cir. 1984) ("A District Court has the power to enforce summarily a settlement agreement reached in a case pending before it.").

AFFIRMED.[1]

---

[1] Enriquez also challenges the sufficiency of the evidentiary hearing that the district court held on remand.  *See Enriquez*, 251 F. App'x at 884. We have considered this argument and find it to be entirely without merit.